UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DWANDA HOLDZCLAW,                    :
Parent and next of friend,          :
A.H., a minor                       :
916 Savannah St., SE                :
Washington, DC 20032                :
Plaintiffs                          :
                                    :
          v.                        :
                                    :
DISTRICT OF COLUMBIA                :       Civil Action No:
A Municipal Corporation             :
One Judiciary Square                :
441 Fourth Street, N. W.            :
Washington, D.C. 20001              :
                                    :
serve:                              :
ADRIAN FENTY, Mayor                 :
District of Columbia                :
1350 Pennsylvania Avenue, N. W., 5th Fl. :
Washington, D.C. 20002              :
                                    :
LINDA SINGER                        :
Interim Attorney General            :
1350 Pennsylvania Avenue, N. W., Ste. 409 :
Washington, D.C. 20004              :
          and                       :
                                    :
DR. CLIFFORD JANEY(officially)      :
Superintendent, D.C. Public Schools :
825 North Capitol St., N. E., Suite 9026 :
Washington, D.C. 20002              :
                                    :
Defendants                          :

## COMPLAINT FOR DECLARATORY
## JUDGMENT, INJUNCTIVE AND OTHER RELIEF

COMES NOW, the Plaintiff, by and through their attorney,  Roxanne D. Neloms, and the Law

Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto this Honorable Court as

follows that:

## JURISDICTION

1.    This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C Sections 1400-1461, 29 U.S.C. Sections 794; 28 U.S.C. Section 1331 and 1343 and 5 D.C. Municipal Regs. Sections 3000.1 et seq.

2.    Declaratory relief is authorized by 28 U.S.C Sections 2201and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. Section 1391.

## PARTIES

4.    Dwanda Holdzclaw is the parent and next of friend of Avadis Holdzclaw, a minor, and hereinafter "A.H." initiate this cause of action.

5.    A.H.'s birth year is 1996 and at all times relevant to the filing of this suit, resides in the District of Columbia.

6.    Defendant, District of Columbia Government is a municipal corporation that receives federal funds pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), to ensure access to a free and appropriate education ("FAPE") and is obligated to comply with the applicable federal regulations and statutes including but not limited to the IDEIA.

7.    Defendant, Clifford B. Janey, Ed. D, being sued in his official capacity as the Superintendent of the District of Columbia Public School System ("DCPS") which is the State Educational Agency ("SEA"), charged with responsibility of ensuring that all disabled children in the District of Columbia receive access to a free and appropriate public education "FAPE" and to ensure them equal protection and due process of law.

## FACTUAL BACKGROUND

8.    That A.H. is classified with multiple disabilities (other health impaired and
      emotionally disturbed) and is entitled to receive 26.5 hours per week of specialized
      instruction and one hour of specialized instruction in counseling. See

9.    That at the October 3, 2006 MDT/IEP meeting held for A.W., Friendship Edison
      determined that it could no longer service A.H. and therefore notified the District of
      Columbia Public Schools that A.H. required a new educational placement.

10.   That a day later, the Plaintiff, through counsel, forwarded a letter to DCPS notifying
      them that A.H was in need of a new educational placement.

11.   That in an October 6, 2006 due process complaint the Plaintiff alleged the following
      two issues: Whether Friendship Edison, as the LEA, and DCPS, as the SEA,
      inappropriately failed to provide specialized instruction and whether the placement
      location was appropriate? *See October 2006 Administrative Due Process Hearing
      Request*.

12.   That at the October 27, 2006 resolution meeting, the parties failed to resolved the
      issues presented in the due process complaint. *See October 2006 Resolution
      Meeting Notes*.

13.   That after the issues were unresolved, the meeting turned into an MDT/placement
      meeting during which the DCPS placement specialist, Mr. Evan Murray, issued
      placement to Taft Education Center. *Id.*

14.   That the Plaintiff did not accept or reject the placement of Taft, but informed the
      members she would to investigate the program prior to her son attending. *Id.*

15.    That soon after the Plaintiff spoke with Lebone Workman, the Special Education Director at Taft, to discuss that program.  *Id*.

16.    That Mr. Workman informed the Plaintiff that because A.H. was in fourth grade he could not attend Taft because Taft began in the fifth grade. *Id.*

17.    That after the January 2007 due process hearing, Hearing Officer Ruff issued a February 12, 2007 Hearing Officer's Determination where he determined that the proposed placement of Taft could appropriately implement A.H.'s IEP.  *See February 2007 Hearing Officer's Determination.*

### COUNT I

### THE FEBRUARY 2007 HOD SHOULD BE REVERSED AS THE HEARING OFFICER ERRED IN DETERMINING THAT TAFT WAS AN APPROPRIATE EDUCATIONAL PLACEMENT.

18.    That the Hearing Officer erred as a matter of law because placement is to be determined by members of an MDT/IEP team and must be based off of the student's IEP.

19.    That the HOD issued on February 12, 2007, denied the Plaintiff's claim on the grounds that "there was sufficient evidence presented based on Mr. Workman's testimony that Taft can implement the student's IEP." *See February 12, 2007 Hearing Officer Determination.*

20.    That the Hearing Officer noted that the Plaintiff's opposition to Taft was based on the Plaintiff's impression the placement was inappropriate because the student would be moved from the fourth [to] the fifth grade.  Although the student will be in the fifth grade at Taft rather than the fourth grade, it was sufficiently demonstrated the

student would be with age appropriate peers and with peers functioning at his comparable academic ability. *Id* .

21.    That the Plaintiff asserted in its closing arguments that Taft Center was not an appropriate placement because in order to implement A.H.'s IEP, "shoe-horning" A.H. into the placement required. *See Parents' Closing Argument.*

22.    That the Plaintiff argued that socially promoting A.H's from the fourth to the fifth grade is similar to "shoe-horning" and is not permitted under the Individuals with Disabilities Education Improvement Act ("IDEIA"). *See Spielberg v. Henrico County Public School,* 441 IDELR 178 (4th Cir. 1988) (held that a school district cannot change, or develop, an IEP to fit a particular placement).

23.    That the Plaintiff further asserts that Taft is inappropriate because A.H. is to receive specialized instruction from certified special education teachers.

24.    That at the hearing, Mr. Workman testified that the first period teacher that Avadis would have at Taft, and who would provide him with specialized instruction, was only certified on a provisional basis. Consequently, that teacher is not fully certified, or "Highly Qualified," as defined by the statute, meaning that for at least that class period, Avadis' IEP would not be properly implemented and the placement is therefore inappropriate.

25.    That the hearing officer erred as a matter of law as shoe-horning is a violation of the IDEIA.

**Wherefore,** the plaintiff prays that this Court:

1.      Reverse the February 12, 2007 Hearing Officer's Decision and place A.H. at

Accotink Academy on an interim basis until such time an appropriate placement may

be determined;

2.      Award Plaintiff's attorney fees and costs of this action;

3.      Award any other relief that the Court deems just and proper.

Respectfully submitted,

Roxanne D. Neloms  No. 478157
James E. Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
*Counsel for Plaintiffs*

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DWANDA HOLDZCLAW,<br>Parent and next of friend, A.H., a minor | DISTRICT OF COLUMBIA et al |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Roxanne Neloms
James E. Brown & Associates, PLLC
1220 I Street, NW 7th Floor
Washington, DC 20005
202-742-2000

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**⊙ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

20 USC 1400-1491 as amended Federal Question review of agency decision involving rights to Free Appropriate Public Education

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint

JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE 5/11/07  SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

EX-01 Hearing Officer's Decision ("HOD");
EX-02 Enforcement and Investigation Division ("SEID");
EX-03 Parent's Closing Argument for Hearing on January 22, 2007;
EX-04 Attorney letter to Office of Special Education;
EX-05 Administrative Due Process Complaint Notice;
EX-06 Multidisciplinary Team ("MDT") Prior Notice;
EX-07 Multidisciplinary Team ("MDT") Meeting Notes;
EX-08 Individualized Educational Program ("IEP");
EX-09 Individualized Educational Program ("IEP");
EX-10 Individualized Educational Program ("IEP");
EX-11 Summary and Score Report; and
EX-12 Notice of Suspensions.

# Exhibit 1

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Avadiz Holdzclaw    ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: July 9, 1996            ) | |
| ("Student")                           ) | **HEARING OFFICER'S DECISION** |
|                                       ) | |
| Petitioner,                 ) | Hearing Date: January 22, 2007 |
|                                       ) | Record Closed: January 26, 2007 |
| v.                          ) | Held at: 825 North Capitol St. NE |
|                                       ) | Washington, DC |
| Friendship Edison                     ) | |
| Public Charter School  and            ) | |
|                                       ) | |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District")                ) | |
| Attending School: Friendship          ) | |
| Edison Public Charter School -         ) | |
| South East Academy                    ) | |
| Respondent.               ) | |
| _____  ) | |

| | |
|---|---|
| Counsel for Student: | Miguel Hull, Esq. |
| | 1220 L Street, NW   #700 |
| | Washington, DC  20005 |
| | |
| Counsel for DCPS: | Karen Jones Herbert, Esq. |
| | Office of General Counsel |
| | 825 North Capitol St. NE |
| | Washington, DC  20002 |
| | |
| Counsel for Friendship Edison, PCS | William E. Houston |
| | 1008 Pendleton Street |
| | Alexandria, Virginia  22314 |

## JURISDICATION:

A Due Process Hearing was convened on January 22, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a due process complaint submitted by counsel for the student and parent filed October 6, 2006.  The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (AH 1-33 and FEPCS 1-6) which were admitted into the record.  The parties filed a post hearing briefs and the record closed January 26, 2007.

## FINDINGS OF FACT [1]:

The student has been determined to be eligible for special education and related services with a disability classification of multiple disabilities (MD) including other health impaired (OHI) and emotional disturbance (ED).  The student is currently age ten and attends Friendship Edison Public Charter School Southeast Elementary Academy (FEPCS) and is in the fourth grade. (FEPCS 3)

Based upon his last educational evaluation conducted in August 2006 the student is functioning at the 2nd grade level in Reading and the 3rd grade level in Math.  (AH 11)

On June 22, 2006, FEPCS and the parent's counsel signed a settlement agreement under which FEPCS agreed to conduct evaluations of the student.  FEPCS conducted the evaluations and October 3, 2006, convened a multi-disciplinary team (MDT) meeting and revised the student's IEP to prescribe a full time special education program.  FEPCS does not have a full time special education program.  Consequently, FEPCS informed DCPS the student was in need of a full time special education placement and offered the parent several dates for a placement meeting.  (FEPCS 3)

On October 27, 2006, FEPCS convened the MDT/placement meeting.  DCPS was represented at the meeting by Mr. Evan Murray. The parent proposed Accotink Academy.  DCPS proposed the student attend the Taft Center (Taft) and Mr. Murray explained the services available at Taft.  DCPS issued a prior notice was issued which indicated the student's placement would be Taft.  (FEPCS 4)

DCPS Transportation Division later called the parent and indicated the student would be transported to Taft.  The parent, thereafter, called Taft and spoke the special education coordinator, Mr. Labone Workman.  The parent shared with Mr. Workman that the student was in the 4th grade.  She did not indicate the student's age, however.  Mr. Workman indicated Taft did not have a 4th grade but its program started at the 5th grade.  Mr. Workman did not indicate to the parent the functional grade level of any of the students and did not indicate to her the ages of the students in the 5th grade at Taft.  Based upon the information that Taft did not have a fourth grade the parent concluded Taft was

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

2

inappropriate for the student. The parent believes the student should not be moved up to the fifth grade when he is actually in the fourth grade. Mr. Workman indicated to the parent the student's IEP could be implemented at Taft. The parent did not ever visit Taft. (Parent's testimony)

Mr. Workman acknowledged that he indicated to the parent that if the student was a fourth grader he was too young for Taft's program. However, Mr. Workman was not aware of the student age when he conversed with the parent. (Mr. Workman's testimony)

Taft is a full time special education program that serves students with disabilities classifications including severe ED and OHI for Attention Deficit Hyperactivity Disorder (ADHD). Taft has a low student/teacher ratio and psychological services on sight. The students in the fifth grade at Taft are 10 to 11 year olds. And the students in that classroom are functioning at a K to third grade level academically. There are no more than five students in the class. The teacher is provisionally certified. There are three social workers, a speech/language therapist and an occupational therapist who can provide the services prescribed in the student's IEP. (Mr. Workman's testimony)

The parent has allowed the student to remain at FEPCS in a combination special education/general education program until the due process hearing is concluded. The student has continued to have behavior difficulties at FEPCS since he was determined to be in need of a full time special education program. (Parent's testimony)

The student has been interviewed at and accepted by Accotink Academy (Accotink). Accotink has reviewed the student's evaluations and prior IEPs. Accotink is a self contained therapeutic day school for students ages 5 to 21. There is low student to teacher ratio and the school provides speech/language therapy and other related services by certified related services providers. The school has 142 students during the regular school year. The student would be placed with students of his age and be provided specialized instruction and related services comparable to the services contained in the IEPs that were reviewed. The student would be placed in an un-graded classroom based on age. (Ms. Warnke's testimony)

**ISSUE(S): [2]**

Did FEPCS and/or DCPS deny the student FAPE by failing to promptly provide the student an appropriate placement? [3]

---

[2] The alleged violation(s) and/or issue(s) raised in the complaint may or may/not directly correspond to the issue(s) outlined here. However, the issue(s) listed here were reviewed during the hearing and clarified and agreed to by the parties as the issue(s) to be adjudicated.

[3] The parent alleges the student was due an appropriate placement within a reasonable time following the October 3, 2006, MDT meeting in which the student's IEP was amended to prescribe a full time special education placement. The parent also alleges the Taft Center, the placement proposed by DCPS, is inappropriate.

**CONCLUSIONS OF LAW:**

Pursuant to IDEIA Sec. 1415 (f)(3)(E)(i) a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education (FAPE).

Pursuant to IDEIA § 1415 (f)(3)(E)(ii) in matters alleging a procedural violation a hearing officer may find that a child did not receive FAPE only if the procedural inadequacies impeded the child's right to FAPE, significantly impeded the parent's opportunity to participate in the decision making process regarding provision of FAPE, or caused the child a deprivation of educational benefits.

Pursuant to 5 DCMR 3030.3 the burden of proof is the responsibility of the party seeking relief. [4] In this case the parent is seeking relief and has the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

Did FEPCS and/or DCPS deny the student FAPE by failing to promptly provide the student an appropriate placement?  Conclusion: Parent's counsel did not sustain the burden of proof.

The student was determined to be in need of a full time special education placement on October 3, 2006. FEPCS promptly scheduled a placement meeting and informed DCPS of the need to attend and to provide the student an appropriate placement.  Mr. Workman attended the meeting on October 27, 2006, and proposed the placement at Taft.

There was sufficient evidence presented based on Mr. Workman's testimony that Taft can implement the student's IEP. Opposition to Taft was based on the parent's impression the placement was inappropriate because the student would be moved from the fourth the fifth grade.  Although the student will be in the fifth grade at Taft rather than the fourth grade, it was sufficiently demonstrated the student would be with age appropriate peers and with peers functioning at his comparable academic ability.

There was insufficient evidence that Taft was an inappropriate placement for this student. Therefore, the Hearing Officer concludes Taft is an appropriate placement and concludes that DCPS offered the placement within a reasonable time after DCPS became clear the student was in need of a new placement.  Therefore, the Hearing Officer concludes the student was not denied FAPE by either DCPS or FEPCS.

---

[4] Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and /or inaction or proposed placement is inadequate or adequate to provide the student with FAPE.

(In the Matter of AH   HOD: February 12, 2007)

**ORDER:**

1. DCPS and FEPCS are the prevailing parities in this matter.

2. The student's placement at the Taft Center is hereby determined to be appropriate.

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: February 12, 2007**

Issued:  02/12/07

5

(In the Matter of AH    HOD: February 12, 2007)

## In the MATTER OF Avadiz Holtzclaw V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| AH 1-33 | Parent's Disclosures | Yes |
| FEPCS 1-6 | FEPCS Disclosures | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

6

## In the MATTER OF Avadiz Holtzclaw V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 10/6/06 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 11/9/06 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# INDEX OF NAMES

## In the MATTER OF Avadiz Holtzclaw V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vs. child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Dwanda Holtzclaw (Mother) Mr. Charles Robinson (Stepfather) |
| Child/Parent's Representative | Miguel Hull, Esq. |
| School System's Representative | Karen Jones Herbert, Esq. |
| Parent's Educational Advocate | |
| Accotink Academy | Ms. Ann Warnke |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# Exhibit 2

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA STATE
ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION SERVICES

| | | |
|---|---|---|
| **Avadis Holdzclaw** | * | **BEFORE** |
| DOB: 07/09/96 | * | **STUDENT** |
| | * | **HEARING OFFICER** |
| | * | **COLES RUFF** |
| **V.** | * | |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA** | * | |
| **PUBLIC SCHOOLS** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CLOSING ARGUMENT

The District of Columbia Public Schools (DCPS), by its Attorney-Advisor, Karen Jones Herbert, respectfully offers this **Closing Argument** to the matter argued before Hearing Officer Coles Ruff on January 22, 2007 at 11:00 am.

## ISSUE

DCPS believes that the only issue before the Hearing Officer is that of **Placement.** The Petitioner requests the Private school of Accotinck Academy, and DCPS offered Taft Center for placement for the student.

Avadis Holdsclaw
Closing Argument
Page 2

## BACKGROUND

At the hearing on Janaury 22, 2007, Petitioner, who had originally stated the student's present school, Friendship-Edison, Southeast Academy Charter School had been determined to be inappropriate for the student.[1] DCPS was then requested, as the State Education Agency (SEA), and as is required by Law,[2] to seek a placement for the student. DCPS prepared a Prior Notice placing the student at Taft Center.

## ARGUMENT

Upon the issuance of the prior notice, placing the student at Taft Center, the parent had occasion to speak to the Special Education Programmer, Mr LaBone Workman, at Taft Center and inquired as to her child attending the program. After a short discussion, the parent was told by Mr. Workman, that the student was in too low a grade (4th grade) to attend Taft Center (which begins at the 5th grade)   The parent then began to seek out private schools for her son to attend. Eventually she received an acceptance letter from Accotinck Academy.

DCPS, upon learning of the student's non attendance at Taft Center, proceeded to inquire as to why the student was not there. When told that the grade that the student was presently in was the problem, DCPS inquired as to the student's age and whether he had been left behind. The student's evaluations indicated that he was on the 2nd and 3rd grade levels in his reading and math skills, respectively. It was learned that the student was age equivalent for Taft Center and was in the 4th grade because he had been left behind previously.

---

[1] Multidisciplinary Team (MDT) meeting notes, dated October 27, 2006, (Attachment A), Friendship Edison, SE Charter School's deciding on appropriate placement for the student, whose IEP hours have been increased to 27.5 hours, (Attachment B), the equivalent of a full time special education placement.
[2] *5DCMR,§8019.9.*

Avadis Holdsclaw
Closing Argument
Page 3

Taft was informed of these facts and then assured the Hearing Officer that if the parent would allow the student to be placed in the school in the 5th grade, then Taft Center could administer to the student at his current grade levels and would be an educational benefit for the student.

It was explained to the parent and the Hearing Officer that Taft Center is a full time Therapeutic Special Education School with a low teacher to student ratio,  that services students with disabilities in the following  categories: Learning Disabled, Severely Learning Disabled, Other Health Impaired, Multiple Disabled, and Emotionally disabled.  The Center in its therapeutic setting offers all of the related services such as:  Speech and Language, Occupational Therapy, Adaptive Physical Education , Remedial Math and Reading, Counseling, and crisis intervention.  The school has a part time nurse and all teachers are certified in Special Education.

## CONCLUSION

While there was testimony from Accotinck Academy about what their school could offer and their offer, indeed, sounded much more superior to DCPS, I must remind the Hearing Officer that DCPS does not have to match and be the superior of the private school offers, according to IDEIA, it just has to offer the basic opportunities for a Free and Appropriate Education (FAPE) [*See generally Rowley at 187 to 201)*. Therefore, for all foregoing reasons, DCPS requests that the Hearing Officer place the student at Taft Center, as Taft Center can meet the obligation to render an appropriate special education program to the student.

January 26, 2007                              Respectfully submitted,

                                             *Karen J. Herbert*
                                             Karen Jones Herbert
                                             Attorney Advisor
                                              for DCPS as the State Educational Agency

Avadis Holdsclaw
Closing Argument.
Page 4

I, Karen Jones Herbert, Esquire, hereby certify that a copy of DCPS' **Closing Argument** was sent on January 26, 2007, to Miguel Hull, Esquire, of the firm Brown & Associates, representative of the parent, via facsimile at 202-742-2098, and to William Houston, Esquire, of the Law firm Dalton, Dalton & Houston representative of Friend-Edison, Southeast Charter School, via facsimile 703-739-2323.

*Karen J. Herbert*
Karen Jones Herbert,
Attorney Advisor
for DCPS as the State Educational Agency

# Exhibit 3

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

| | | |
|---|---|---|
| Dwanda Holdzclaw | ) | |
| On behalf of Avadiz Holdzclaw | ) | |
| DOB: 7/9/96 | ) | Hearing Officer Ruff, Esq. |
| | ) | Hearing: 1/22/07 at 11:00 a.m. |
| Vs | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Friendship-Edison Southeast Academy | ) | |
| Public Charter School | ) | |
| | ) | |

**Parent's Closing Argument for Hearing on January 22, 2007**

COMES NOW Dwanda Holdzclaw, parent of the above-referenced student, through

counsel, and respectfully submits this Closing Argument for the Due Process Hearing that

took place on January 22, 2007.

**Issue**

1. After argument and discussion on the record, the hearing officer and parties agreed to

   hone the issue for the hearing to: whether Taft Center is an appropriate placement for

   Avadis.

**Facts**

2. It was undisputed at the Due Process Hearing on January 22, 2007, that:

   a. Avadis Holtzclaw is a ten-year-old special education student attending the fourth

      grade at Friendship Southeast Elementary Academy ("FSEA") in the District of

      Columbia.

   b. On October 3, 2006, an MDT meeting took place for Avadis at FSEA. No one

1

from District of Columbia Public Schools ("DCPS") attended that meeting.

Exhibit No.: AH-6, MDT notes 10/3/06.

c.  During the October 3rd meeting, Avadis' Individualized Educational Program
    ("IEP") was revised classifying him with multiple disabilities [other health
    impaired and emotionally disturbed] and entitling him to 26.5 hours per week of
    specialized instruction, in the special education setting, and one hour of counseling
    per week.[1] Exhibit No.: AH-5, IEP 10/3/06; See also Exhibit No.: AH-18 IEP
    12/5/05; Exhibit No.: AH-19, IEP Addendum 12/5/05.

d.  The October 3, 2006 IEP indicates on the pages pertaining to goals and objectives
    that the specialized instruction will be provided to Avadis by a special education
    teacher. Id.

e.  Although placement was not determined during the October 3rd MDT meeting, the
    team members present agreed that FSEA could not implement Avadis' IEP.
    Exhibit No.: AH-6.

f.  On October 4, 2006, the parent, through counsel, sent written notice to DCPS and
    FSEA that Avadis's placement at FSEA was inappropriate and requested that a
    placement meeting be convened to determine an appropriate placement. Exhibit
    No.: AH-3, Correspondence to DCPS and FSEA 10/4/06; See also Exhibit
    No.:AH-4, Correspondence to DCPS and FSEA 9/28/06.

g.  On October 6, 2006, the parent filed a Due Process Complaint against FSEA and

---

[1] Although not discussed at the hearing, the documents introduced by the parent and or charter school include: a previous IEP, dated December 5, 2005, that classified Avadis with a specific learning disability and entitled him to 12.5 hours per week of specialized instruction, 10 of those hours in a special education setting and 2.5 in the general education setting; an addendum to the IEP, also dated December 5, 2005, reducing Avadis' specialized instruction in the special education setting from 10 hours per week to only 5 hours per week; and a settlement agreement between the parent and the charter school whereby the charter school agreed to conduct certain evaluations and provide 36 hours of compensatory tutoring. That tutoring is current being provided by the charter school.

DCPS regarding:

    i. Whether FSEA, as the LEA, and DCPS, as the SEA have inappropriately failed, and continue to fail, to provide/ensure specialized instruction in a special education classroom as called for the current and previous IEP's; and

    ii. Whether the placement location at FSEA is appropriate?

h. On October 27, 2006, the parent and her educational advocate appeared at FSEA for a resolution meeting to address the issues raised in the October 6th Complaint. Exhibit No.: FSEA-4, MDT Notes 10/27/06.

i. The October 27th meeting included the active participation of Mr. Evan Murray, a DCPS placement specialist. Id.

j. The October 27th meeting eventually became an MDT/placement meeting, during which, DCPS issued a prior notice for Avadis to attend the Taft Center. Exhibit No.: FSEA-4, Prior Notice 10/27/06.

k. According to his educational assessment dated August 10, 2006, Avadis is functioning on the grade levels: broad reading 2.2; broad math 3.2; broad written language 1.9. Exhibit No.: AH-11.

3. During the hearing on January 22, 2007, the parent testified that on or about November 1, 2006, she telephoned and spoke with the special education coordinator at Taft, Mr. Labone Workman, who told her that Taft began at the fifth grade and that her son could not attend Taft if he was still in the fourth grade. Transcript 1/22/07. The parent also testified that she and Avadis have visited the Accotinck Academy in Springfield, Virginia, a non-public special-education school that has accepted him. Id. The parent further testified that she believes that Accotinck could provide Avadis an educational benefit and that she would like for him to attend that school. Id.

4. During the hearing, Mr. Workman also testified. During direct examination, Mr. Workman testified, among other things, that Taft is set up by grades beginning with the fifth grade; that there is no fourth grade classroom at Taft; but that Avadis would be in a classroom with other students in his age range.

5. During cross-examination, Mr. Workman testified that if Avadis were to attend Taft, he would have to be put into the fifth grade and his IEP would have to be re-written to reflect his being in the fifth grade. Id.

6. Mr. Workman also testified during the hearing that one of the teachers that would teach Avadis at Taft has only a provisional certification to teach special education and not a full certification. Id.

7. Also during the hearing, the parent called Ms. Ann Warnke to testify as to the appropriateness of Accotinck. During her testimony, Ms. Warnke identified herself as a director at Accotinck and explained that the school had interviewed and accepted Avadis as a possible student; that Avadis would be in a classroom with eight other students within the same age-range and level of functioning; that all his possible teachers are certified to teach special education; that the school has counselors and psychologists on staff to provide counseling; and that the school follows DCPS-curriculum. Id.

## Argument

8. The parent asserts that Taft Center is not an appropriate school for Avadis.

9. According to the Individuals with Disabilities Education Act ("IDEA"), a placement is to be in a school that is capable of implementing the student's IEP. 20 U.S.C.§ 1402 (9) (D) ("FREE APPROPRIATE PUBLIC EDUCATION- The term 'free appropriate public education' means special education and related services that include an appropriate

4

preschool, elementary school, or secondary school education in the state involved" [and]
"*are provided in conformity with the individualized education program*" Emphasis
added); § 1401 (29) (D) ("The term 'special education means specially designed
instruction, at no cost to the parents, to meet the unique needs of a child with a disability [.
. . ]."); 34 C.F.R. § 300.17 & 39; 34 C.F.R. § 300.116 (b) (2) (placement is to be based on
student's IEP); 34 C.F.R. § 300.327 & 300.501 (c); D.C. Mun. Regs. Tit. 5 § 3013.1-7
(LEA to ensure that child's placement is based on the IEP); and D.C. Mun. Regs. Tit. 5 §
3000.

10. Additionally, it is inappropriate for an IEP to be developed, or re-written, to fit a particular
placement. Spielberg v. Henrico County Public School, 441 IDELR 178 (4th Cir. 1988)
(held that a school district cannot change, or develop, an IEP to fit a particular placement).

11. In this case, Mr. Workman testified that Taft was set up by grades, that the school began
at fifth grade and did not have a fourth grade. Consequently, one of the reasons that Taft
is an inappropriate placement is because, where he to attend Taft, Avadis would have to
be arbitrarily promoted from the fourth grade to the fifth grade and his IEP would have to
be re-written to reflect his being arbitrarily promoted into the fifth grade. The fact that at
Taft, Avadis would be in a classroom with other students in his age range does not
overcome the fact that his IEP would have to be re-written to arbitrarily promote him into
the fifth grade.

12. Taft is also inappropriate in that Avadis' IEP entitles him to receive all of his specialized
instruction from properly certified special education teachers; yet, according to the
testimony at the hearing, at least one of Avadis' special education teachers is not fully
certified as the law now requires.

13. As of the beginning of the 2006-07 school year, the IDEA requires that all of a student's special education teachers must be "Highly Qualified" such that they have obtained "full State certification as a special education teacher [. . .] and the teacher has not had special education certification or licensure requirements waived on an emergency, temporary, or provisional basis." Emphasis added. Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1402 (10) (B) (to be highly qualified, a special education teacher must have full certification); "§ 1412 (a) (14) (all special education teachers in a State must be 'highly qualified' by the end of the 2005-06 school year); 34 C.F.R. § 300.18; and 34 C.F.R. § 300.156.

14. At the hearing, Mr. Workman testified that the first period teacher that Avadis would have at Taft, and who would provide him with specialized instruction, was only certified on a provisional basis. Consequently, that teacher is not fully certified, or "Highly Qualified," as defined by the statute, meaning that for at least that class period, Avadis' IEP would not be properly implemented and the placement is therefore inappropriate.

15. Furthermore, although the IDEA also indicates that there exists no individual right of action for failure of a particular teacher to be highly qualified, that bar does not apply to this argument because here the issue/action to be considered is not whether the teacher in question is highly qualified and whether that in-and-of-itself is a violation, but whether Taft is appropriate and can implement the IEP. The fact that this particular teacher is not highly qualified in this case is merely raised as evidence in support of the claim that Taft is not appropriate, a right of action that is allowed. 20 U.S.C.§ § 1412 (a) (14) (E); and 34 C.F.R. § 300.156.

**Relief Sought.**[2]

16. a finding in the parent's favor as to each of the issues raised above.

17. That FSEA and/or DCPS be ordered, or agree, to:

    a) Provide funding and transportation for an interim or permanent placement at the

       Accotinck Academy in Springfield, Virginia; or

    b) Alternatively, convene an MDT meeting within 10 days to identify an appropriate

       placement for Avadis, with placement to be made within 10 days if for a public school

       or 30 days if for a non-public school, and if DCPS fails to convene this meeting

---

[2] In this case both FSEA [as the LEA] and DCPS [as the SEA and LEA if placement is to Taft] are liable for the claims in question. D.C. Mun. Regs. tit. 5 § 3002.1; D.C. Mun. Regs. tit. 5 § 3019.2 (LEA Charters shall be responsible for ensuring that the requirements of Part B of the Act, including documentation or required polices and procedures, are met in regard to children enrolled in their schools, consistent with the requirements of Chapter 38."); and D.C. Mun. Regs. tit. 5 § 3019.8 ("LEA and District Charters are responsible for providing all necessary related services to children with disabilities enrolled in their facilities, consistent with these children's IEP's."). Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1412 (a) (11); 34 C.F.R. §. 300.101 (c) (1) ("Each State must ensure that FAPE is available to any individual child with a disability who needs special education and related services [. . . ]"); 34 C.F.R. §. 300.227 (State agency to provide FAPE directly if it determines that local agency is unable or unwilling to do so); 34 C.F.R. §. 300.149 (a), ("The SEA is responsible for ensuring that the requirements of [Part B of the IDEA] are carried out."); D.C. Mun. Regs. tit. 5 § 3801.1 ("The Board of Education's State Education Agency responsibilities shall include, but not be limited to: (a) Acquisition and administration of federal grants on behalf of funding or services for all eligible local education agencies in the District of Columbia, including public, public charter and private schools; (b) Ensuring that all local education agencies in the District of Columbia are in compliance with the provisions of the Individuals with Disabilities Education Act (IDEA)"); S. Rep. No 168, 94th Cong., 1st Sess. at 24 reprinted in [1975] U.S. Code. Cong. & Ad. News 1425, 1448. ("The requirement in section 300.600 (a) [that the SEA be responsible for ensuring rights under IDEA] reflects the desire of the Congress for a central point of responsibility and accountability in the education of children with disabilities within each State . . . Without this requirement, there is an abdication of responsibility for the education of handicapped children."); Kruelle vs. New Castle County Sch. Dist, 642 F.2d 687, 696-97 (3d Cir. 1981) (held that legislative history and statutory language assigns responsibility to State Agency for providing the student with a proper educational program); Gadsby vs. Grasmick 109 F.3d 940,952-53 (4th Circuit 1997) (SEA is ultimately responsible for the provision of a free appropriate education to all its students and may be held liable for the failure to assure compliance with IDEA); St. Tammany Parish Sch. Bd. vs. State of Louisiana, 142 F.3d 776, 783-85 (5th Cir. 1998) (citing Gadsby in holding that State Agency could be held liable for costs of child's interim placement while decision on merits is pending); and John T. and Leigh T. vs. Iowa Department of Education, 258 F.3d 860, 865 (8th Cir. 2001) (On case remanded back to U.S. District Court, held that even when SEA had not participated in administrative proceedings, *SEA was liable for attorney's fees subsequently incurred at District Court proceedings* because of SEA's ultimate responsibility to ensure FAPE and due to its contentious participation during proceedings at District Court level).

through no fault of the parent or representatives, then order funding and transportation

to Accotink Academy.


Respectfully submitted,


_____

Miguel A. Hull

### Certificate of Service

I HEREBY CERTIFY that on this 24th day of January 2007, a copy of the forgoing
Closing Statement was delivered by facsimile to Karen Herbert, Esq., DCPS Office of the
General Counsel 202 442-5098/97; and by facsimile to William Houston, Esq., Dalton,
Dalton & Houston 703-739-2323.


_____

Miguel Hull

# Exhibit 4

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |

--------------------------------

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
+ DC Bar Special Legal Consultant

October 4, 2006

Ms. Marla Oaks
Division of Special Education
District of Columbia Public Schools
825 North Capitol St., 6th floor, NE
Washington, D.C. 20002
Via facsimile only 202 442-5517/18

    **RE:**        **Avadis Holdzclaw DOB: 7/9/96 –Notice to District of Columbia Public Schools –State Education Agency of Inappropriate Placement at Friendship South East Public Charter School.**

Dear Ms. Oaks:

      Ms. Dwanda Holdzclaw, parent of the above-referenced student hereby provides notice that her daughter's current attending school, Friendship Edison Public Charter School, is unable and unwilling to fully implement her IEP which calls for full-time placement. Therefore, the parent demands that DCPS, as the respective SEA, convene an MDT meeting to address this problem. Please send a letter of invitation for the MDT meeting to my office as soon as possible. Thank you for your attention.

                Yours truly,

                Miguel A. Hull

CC:    DCPS Office of the General Counsel
       DCPS Office of Mediation and Compliance
       Friendship Edison South East Academy
       Paul Dalton, Esq.

```
***********************
***  TX REPORT  ***
***********************

TRANSMISSION OK

TX/RX NO                 3578
RECIPIENT ADDRESS        94425517
DESTINATION ID
ST. TIME                 10/04 17:23
TIME USE                 00'23
PAGES SENT               2
RESULT                   OK
```

# James E. Brown & Associates, PLLC
## *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
+ DC Bar Special Legal Consultant

# *FAX COVER SHEET*

DATE:             October 4, 2006

TO:               Marla Oaks
                  Division of Special Education
                  District of Columbia Public Schools

TEL NO.:          202 442-4800

FAX NO.:          202 442-5517/18

FROM:             Miguel A. Hull, Esq.

SUBJECT:          **Avadis Holdzclaw DOB: 7/9/96 –Notice to District of Columbia Public
                  Schools –State Education Agency of Inappropriate Placement at
                  Friendship South East Public Charter School**

NUMBER OF PAGES INCLUDING COVER SHEET:    TWO

COMMENTS:

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            3579
RECIPIENT ADDRESS   94425524
DESTINATION ID
ST. TIME            10/04 17:24
TIME USE            00'20
PAGES SENT          2
RESULT             OK
```

## James E. Brown & Associates, PLLC
### A Professional Limited Liability Company

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
+ DC Bar Special Legal Consultant

# *FAX COVER SHEET*

DATE:           October 4, 2006

TO:             Office of Mediation and Compliance
                District of Columbia Public Schools

TEL NO.:        202 442-4800

FAX NO.:        202 442-5517/18

FROM:           Miguel A. Hull, Esq.

SUBJECT:        **Avadis Holdzclaw DOB: 7/9/96 –Notice to District of Columbia Public
                Schools –State Education Agency of Inappropriate Placement**

NUMBER OF PAGES INCLUDING COVER SHEET:   ___TWO_____

COMMENTS:

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO             4599
CONNECTION TEL                    94425098
CONNECTION ID
ST. TIME             10/04 17:22
USAGE T              00'21
PGS. SENT            2
RESULT               OK
```

# James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domicnto C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
+ DC Bar Special Legal Consultant

# *FAX COVER SHEET*

DATE:           October 4, 2006

TO:             Office of the General Counsel
                District of Columbia Public Schools

TEL NO.:        202 442-5000

FAX NO.:        202 442-5098/97

FROM:           Miguel A. Hull, Esq.

SUBJECT:        **Avadis Holdzclaw DOB: 7/9/96 –Notice to District of Columbia Public
                Schools –State Education Agency of Inappropriate Placement**

NUMBER OF PAGES INCLUDING COVER SHEET:    TWO

COMMENTS:

```
**********************
***    TX REPORT    ***
**********************


TRANSMISSION OK

TX/RX NO            4600
CONNECTION TEL                   95620726
CONNECTION ID
ST. TIME            10/04 17:23
USAGE T             00'40
PGS. SENT           2
RESULT              OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Omar Karram
Roxanne Neloms
Christie Fontaine-Covington

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
+ DC Bar Special Legal Consultant

# *FAX COVER SHEET*

DATE:        October 4, 2006

TO:          Principal
             Friendship South East Elementary Academy

PHONE:       202-562-1980

FAX NO:      202 562-0726

FROM:        Miguel A. Hull, Esq.

SUBJECT:     **Avadis Holdzclaw DOB: 7/9/96 –Notice to District of Columbia Public
             Schools –State Education Agency of Inappropriate Placement**

NUMBER OF PAGES INCLUDING COVER SHEET:    TWO

COMMENTS:

```
**********************
***   TX REPORT   ***
**********************


TRANSMISSION OK

TX/RX NO           3580
RECIPIENT ADDRESS  94425097
DESTINATION ID
ST. TIME           10/04 17:25
TIME USE           00'21
PAGES SENT         2
RESULT             OK
```

# James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domicnto C.R. Hill
Roberta Gambalc
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!+
Tilman L. Gerald
John A. Straus
Omar Karram
Roxanne Neloms
Christie Fontaine-Covington

e-mail: Admin@Jcblaw.biz

! Admitted in Bolivia Only
+ DC Bar Special Legal Consultant

# *FAX COVER SHEET*

DATE:          October 4, 2006

TO:            Office of the General Counsel
               District of Columbia Public Schools

TEL NO.:       202 442-5000

FAX NO.:       202 442-5098/97

FROM:          Miguel A. Hull, Esq.

SUBJECT:       **Avadis Holdzclaw DOB: 7/9/96 –Notice to District of Columbia Public
               Schools –State Education Agency of Inappropriate Placement**

NUMBER OF PAGES INCLUDING COVER SHEET: ___TWO_____

COMMENTS:

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3581
RECIPIENT ADDRESS     97037392323
DESTINATION ID
ST. TIME              10/04 17:25
TIME USE              00'22
PAGES SENT            2
RESULT                OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
|---|---|---|
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
+ DC Bar Special Legal Consultant

# FAX COVER SHEET

DATE:           October 4, 2006

TO:             Paul Dalton, Esq.
                Dalton, Dalton & Houston, P.C.

PHONE:          703-739-4300

FAX NO:         703-739-2323

FROM:           Miguel A. Hull, Esq.

SUBJECT:        **Avadis Holdzclaw DOB: 7/9/96 –Notice to District of Columbia Public
                Schools –State Education Agency of Inappropriate Placement**

NUMBER OF PAGES INCLUDING COVER SHEET:    TWO

COMMENTS:

# Exhibit 5

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *ADMINISTRATIVE DUE PROCESS*
# *COMPLAINT NOTICE*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Student Name: Avadiz Holtzclaw                    DOB: July 9, 1996

Address:     916 Savannah St., SE. Washington, D.C. 20032

Present School of Attendance: Friendship Southeast Elementary Academy

Home School:             DCPS _____
                         (Neighborhood school)

          Parent/Guardian of the Student:   __Dwanda Holtzclaw __

## B.    Legal Representative/Attorney (if applicable):

Name: Miguel A. Hull, Esq. ___      Phone: (W) _202 742-2015___    (Fax) _202 742-2098_

Address: 1220 L St., NW, #700, Washington, D.C. 20005 _____

Will attorney / legal representative attend the resolution session?   X Yes          ☐ No

## C.    Complaint Made Against (check all that apply):

**X**     DCPS
**X**     Charter school (name of the charter school if different from page
one)_____
☐ Non-public school or residential treatment facility (name)
_____
☐ Parent

## D.    Resolution Session Meeting Between Parent and LEA:

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that
I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution
meeting to avoid having this meeting.)

**X** I wish to waive the Resolution Session Meeting

## E.    Mediation Process:

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost
to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as
an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing _only_ at this time.**

## F.    Facts and Reasons for the Complaint:

### I.   Nature of the Problem.

   Avadis Holtzclaw is a ten-year-old special education student attending Friendship
Southeast Elementary Academy ("FSEEA") in the District of Columbia. On October 3,
2006, an MDT meeting took place for Avadis at FSEEA. During the meeting, Avadis's

Individualized Educational Program ("IEP") was revised classifying him with multiple disabilities [other health impaired and emotionally disturbed] and entitling him to 26.5 hours per week of specialized instruction, in the special education setting, and one hour of counseling per week.[1]  The parent now respectfully asserts the following violations against FSEEA, as the respective local education agency ("LEA"), and District of Columbia Public Schools ("DCPS") as the respective state education agency ("SEA")[2]:

1. **Failure to properly implement IEP –failure to provide specialized instruction in a special education setting as called for by previous and current IEP's**.  FSEEA does not have a separate classroom, also known as a resource room, to provide special education.  The only specialized instruction that the school can provide Avadis with is what is known as "inclusion."  In other words, rather than have Avadis go to a

---

[1] A previous IEP, dated December 5, 2005, classified Avadis with a specific learning disability and entitled him to 12.5 hours per week of specialized instruction, 10 of those hours in a special education setting and 2.5 in the general education setting. On December 5, 2005, the same day that the IEP was developed, an addendum to the IEP was also developed reducing Avadis' specialized instruction in the special education setting from 10 hours per week to only 5 hours per week. The parent filed a due process complaint against the charter school and District of Columbia Public Schools for the apparent reduction of hours on the December 5, 2005 IEP. That complaint resulted in a settlement agreement between the parent and the charter school whereby the charter school agreed to conduct certain evaluations and provide 36 hours of compensatory tutoring. That tutoring is current being provided by the charter school.

[2] On October 4, 2006, the parent, through counsel, provided written notice to DCPS of the problems with the charter school and requested that DCPS, as the SEA assist in remedying those problems. Regardless of this notice, however, the SEA is ultimately responsible for ensuring evaluations and a FAPE. See Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1412 (a) (11); 34 C.F.R. §. 300.101 (c) (1) ("Each State must ensure that FAPE is available to any individual child with a disability who needs special education and related services [. . . ]"); 34 C.F.R. §. 300.227 (State agency to provide FAPE directly if it determines that local agency is unable or unwilling to do so); 34 C.F.R. §. 300.149 (a), ("The SEA is responsible for ensuring that the requirements of [Part B of the IDEA] are carried out."); D.C. Mun. Regs. tit. 5 § 3801.1 ("The Board of Education's State Education Agency responsibilities shall include, but not be limited to: (a) Acquisition and administration of federal grants on behalf of funding or services for all eligible local education agencies in the District of Columbia, including public, public charter and private schools; (b) Ensuring that all local education agencies in the District of Columbia are in compliance with the provisions of the Individuals with Disabilities Education Act (IDEA)"); S. Rep. No 168. 94th Cong., 1st Sess. at 24 reprinted in [1975] U.S. Code. Cong. & Ad. News 1425, 1448. ("The requirement in section 300.600 (a) [that the SEA be responsible for ensuring rights under IDEA] reflects the desire of the Congress for a central point of responsibility and accountability in the education of children with disabilities within each State . . . Without this requirement, there is an abdication of responsibility for the education of handicapped children."); Kruelle vs. New Castle County Sch. Dist, 642 F.2d 687, 696-97 (3d Cir. 1981) (held that legislative history and statutory language assigns responsibility to State Agency for providing the student with a proper educational program); Gadsby vs. Grasmick 109 F.3d 940,952-53 (4th Circuit 1997) (SEA is ultimately responsible for the provision of a free appropriate education to all its students and may be held liable for the failure to assure compliance with IDEA); St. Tammany Parish Sch. Bd. vs. State of Louisiana, 142 F.3d 776, 783-85 (5th Cir. 1998) (citing Gadsby in holding that State Agency can be held liable for costs of child's interim placement while decision on merits is pending); and John T. and Leigh T. vs. Iowa Department of Education, 258 F.3d 860, 865 (8th Cir. 2001) (On case remanded back to U.S. District Court, held that even when SEA had not participated in administrative proceedings, *SEA was liable for attorney's fees subsequently incurred at District Court proceedings* because of SEA's ultimate responsibility to ensure FAPE and due to its contentious participation during proceedings at District Court level).

3

separate special education classroom to receive specialized instruction from a certified special education teacher, Avadis instead remains in a general education classroom and receives his specialized instruction from the special education teacher who comes into the general education classroom. This inclusion scheme is not what Avadis' IEP calls for. According to his current IEP, Avadis is to receive 26.5 hours per week of specialized instruction in a separate classroom without any general education students. Similarly, the previous IEP, dated December 5, 2005, which entitled Avadis to 10 hours of specialized instruction per week in a classroom without any general education students. Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C.§ 1401 (9) (D) ("FREE APPROPRIATE PUBLIC EDUCATION- The term 'free appropriate public education' means special education and related services that are provided in conformity with the individualized education program[ . . ]."); § 1401 (29) (D) (" The term 'special education means specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability [ . . . ]."); 34 C.F.R. § 300.17 & 39; and D.C. Mun. Regs. tit. 5 § 3000.1.

2. **Inappropriate placement**. FSEEA is not an appropriate school for Avadis because the school cannot implement the current IEP as written, which calls for a full-time placement out of the general education setting. Moreover, since being at that school, Avadis has engaged in severely aggressive behavior with his teachers as evidenced by the written reports that the school has produced. Avadis clearly requires a more structured school that can handle his behavioral outbursts and actually provide his specialized instruction. Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1401 (9) (D) ("FREE APPROPRIATE PUBLIC EDUCATION- The term 'free appropriate public education' means special education and related services that are provided in conformity with the individualized education program[ . . ]."); 20 U.S.C. § 1401 (29) (D) (" The term 'special education means specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability [ . . . ]."); 20 U.S.C. § 1414 (e) (public agency to ensure that parents are involved in the placement decision); 34 C.F.R. § 300.17 & 39; 34 C.F.R. § 300.116 (placement is to be in the least restrictive environment, based on his IEP as determined by team including the parents); 34 C.F.R. § 300.327 & 300.501 (c); D.C. Mun. Regs. tit. 5 § 3013.1-7 (LEA to ensure that child's placement is based on the IEP); and D.C. Mun. Regs. tit. 5 § 3000. See also footnote 2.

## II. Issues presented.

1. Whether FSEEA, as the LEA, and DCPS, as the SEA have inappropriately failed, and continue to fail, to provide/ensure specialized instruction in a special education classroom as called for the current and previous IEP's; and
2. Whether the placement location at FSEEA is appropriate?

## III.    Relief Sought.

1) a finding in the parent's favor as to each of the claims raised here;

2) That FSEEA and / or DCPS be ordered, or agree, to:

a) Begin providing, within 24 hours, the full 26.5 hours of specialized instruction per week as called for by the IEP dated October 3, 2006;

b) Fund 200 hours, or some other reasonable amount considering that this in a ongoing violation, of one-on-one tutoring as compensatory education for the student to make up for services that were denied;

c) Fund interim or permanent placement with transportation to one of the following: Foundations; Rock Creek Academy; Frost School; Accotink; High Roads in Maryland; or some other appropriate school;

d) Alternatively, convene an MDT meeting within ten business days to determine any additional compensatory education that may be due; and identify placement with placement to be made within five business days if for a public school or within thirty calendar days if for a non-public school;

3) that DCPS provide any other relief deemed appropriate and relating to the violations committed here;

4) that DCPS be ordered or agrees to pay parent's reasonable attorney's fees and costs;

5) All meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq. in writing, via facsimile, at 202-742-2097 or 202-742-2098;

6) Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7) In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement dated May 12, 1987, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8) The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation D.C.Mun. Regs. tit. 5 § 3000.3, and other related services as are defined at 34 C.F.R. § 300.34; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9) Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

10) That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §

1415 (c) (2) (B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11) That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

12) That DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1415 (c) (2) (C), respond to the parent's request alleging any insufficiency of notice;

13) That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1415 (c) (2) (C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1415 (f) (1) (B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a **Resolution Session Meeting**.

15) That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1415 (f) (1) (B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the **Resolution Session Meeting for the student shall include the following persons:** 1) the student's special education teacher, if applicable, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

16) That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1415 (f) (1) (B) constitute joint

waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17) A finding that the parent is the prevailing party in this action.

## G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H. **Signature:**

_____                October 6, 2006_____
Legal Representative / Advocate (if applicable)        Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

```
***********************
***   TX REPORT   ***
***********************


TRANSMISSION OK

TX/RX NO              3647
RECIPIENT ADDRESS     94425556
DESTINATION ID
ST. TIME              10/06 16:09
TIME USE              01'25
PAGES SENT            8
RESULT               OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!+ |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Omar Karram |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | Christie Fontaine-Covington |

e-mail: Admin@Jcblaw.biz

! Admitted in Bolivia Only
 DC Bar Special Legal Consultant

# *FAX COVER SHEET*

DATE:      October 6, 2006

TO:        Student Hearing Office
           District of Columbia Public Schools

PHONE:     202-442-5432

FAX NO:    202 442-5556

FROM:      Miguel Hull, Esq.

UBJECT:    **Avadis Holtzclaw DOB: 7/9/96 – Due Process Complaint.**

NUMBER OF PAGES INCLUDING COVER SHEET:    ___EIGHT_____

COMMENTS:

# Exhibit 6

**Friendship Public Charter School**
906 Pennsylvania Avenue SE
Washington, DC 20003
(202) 543-8395

MULTIDISCIPLINARY TEAM (MDT)

PRIOR NOTICE

Check Purpose:
☐ Initial Evaluation
☐ Initial Placement
☒ Reevaluation
    ☐ Change in Category Exit
    ☐ Related Service Add
    ☐ Related Service
    ☒ Change in Placement
    ☐ Other _____

Date  10/27/06

Student  Avadis Holtzclaw                    DOB _____

School  FPCS-Southeast Elementary Academy

Current Disability Category  MD/OHI  ED

Setting  Outside the general educational Setting

Dear  Dwanda Holtclaw

State and federal laws regarding students with disabilities require school systems to notify and inform parents of certain changes being made to their children's education program.
Therefore, you are being notified of the following proposed changes:
☐ Proposes to initiate or change the identification, evaluation, educational placement or provision of FAPE to your child.
☐ Refuses to initiate or change the identification, evaluation, educational placement or provision of FAPE to your child.
☐ Other _____

**A multidisciplinary team (MDT), of which you were an invited member, has made the following decisions about your child: (check all that apply)**

☐ Your child is not eligible for special education service(s).
☐ Your child is eligible or continues to be eligible to receive special education services as a student with  MD/OHI-ED
☐ Your child will begin receiving _____ as a related service(s).
☐ Your child will no longer receive _____ as a related service(s).
☐ Your child's category of disability is being changed from _____ to _____
☐ Your child's alternative placement on continuum (next setting) is being changed,
    from  Combination  to  Out of the general educational Setting
☐ Your child is no longer eligible and will be exited from the special education program.
☐ Other:  Combination

**Description and Explanation of agency action proposed or refused.**

The student has been appropriately placed in a educational Setting.

**Description of Other Options Considered and reasons for rejection of each option**

General Education    rejected
Combination Setting    rejected
Out of the General education    accepted

Other relevant factors to the decision—

MDT Members:
☐ Principal or Designee          ☒ General Education Teacher          ☒ Psychologist
☒ Parent via phone              ☒ Special Education Teacher          ☒ Other: DCPS
☐ Student                        ☐ Speech and Language                Attorney for FCSAPCS
☐ Social Worker                  ☒ *LEA & Interpreter (*may be one)   Twan Bernadez Att. for parent

Any questions you may have concerning your child's program may be directed to the principal.
You are protected under the Procedural Safeguards for parents, which are enclosed for your information.
If I can be of assistance to you, or have questions regarding the Procedural Safeguards,
please contact  Evan Murray  at  2/742-5144  (school telephone number).

See attachments for • EVALUATION PROCEDURES, TEST, RECORDS OR REPORTS USED

MDT Prior Written Notice to the Parent                    1
07-02-2001

New Location: Taft Center
1800 Perry St. NE NW
2/576-6101

FSEA – 04

# Exhibit 7

Nov. 22. 2006  1:22PM  , ton, Dalton & Houston  No. 8948  45/50

Friendship Public Charter Schools
_____ Campus

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT REFERRAL DATE: _____     MEETING DATE: 10-27-06

STUDENT: Avadis Holtzclaw _____     SCHOOL: FPCS-Southeast Elem Academy

| PARTICIPANTS: (PRINT NAME) | PARTICIPANTS: (SIGN NAME) | POSITION |
|---|---|---|
| Willie Walker | Willie Walker | LEA Rep |
| Andrene Bryan | A Bryan | SD. Ed. Teacher |
| Richard Griffith | | Psychology Fellow |
| Lacara Dios | | AP |
| Jean Fernandez | Vic Phor | Advocate |
| Dwanda Holtzclaw | tre Phone | Parent |
| Evan Murray | | Placement Specialist for |
| Graca L. Bell | Graca L. Bell | CIRT/Regular ed. |

Purpose: The purpose of this meeting is to decide the appropriate placement for Avadis. The team will review the FBA & BIP for Avadis. For the record introductions were made and parent received a copy of the parental safeguards at the 10-3-06 meeting.

DCPS: Mr. Murray asked the mother + advocate did they have any questions related to FBA & BIP. Mr. Murray asked parent advocated about any school that they were interested in sending. Avadis.

DCPS is has offered Taft Center for the 2006-2007 as placement for Avadis. The school is located at 1800 Perry St NE. The school serves the following categories – LD/ SLI/ OHI/ MD/ED. The school has 70 students, 9 teachers, Avadis's class will have 5 students, 1 teacher and 1 aide. The school is a therapeutic setting that offers speech + language, OT, adaptive PE, Remedial Math + Reading,

**Attachment A**

Friendship Public Charter Schools
_____ Campus

MULTIDISCIPLINARY TEAM (MDT)                    page: 4 of 4
CONTINUATION MEETING NOTES
MEETING TYPE: _____

STUDENT: ___Avadis Hotterlaw_____   DATE OF BIRTH___7-9-96___

SCHOOL:_____FPCS- Southeast Academy   DATE: _____10-27-06___

DCPS Cont: Part-time nurse and all teacher are certified. The
school off-as Crisis intervention and will provide someone
to administer medicines.

Parent + Advocate: Parent stated that she had visited Frost,
Accotik, and Howard Roads. They have visited Frost + Accotik
but not Howard Roads. Avadis has been accepted at Accotik
and the parent + advocate will send Southeast a copy of the
admittance letter and DCPS a copy.
Mother stated that Accotick offers a program that is
similar to Taft Center. The school has a low teacher to
student ratio and he will be able to transition to their
Middle School + High School program.

Friendship Public Charter Schools
_____ Campus

MULTIDISCIPLINARY TEAM (MDT)          page: 3 of 4
CONTINUATION MEETING NOTES
MEETING TYPE: _____

STUDENT: _Avadis Holtzclaw_____         DATE OF BIRTH  **7-9-96**

SCHOOL: _FPCS-Southeast Academy_         DATE: _10-27-06_

Psychologist: Mr. Griffith reviewed the current FBA & BIP conducted on Avadis. Target behaviors included talkative, lack of motivation, Inattention, Impulsive, and Oppositional behaviors.

Friendship Public Charter Schools
_____ · Campus

MULTIDISCIPLINARY TEAM (MDT)                 page: 2 of 4
CONTINUATION MEETING NOTES
MEETING TYPE: _____

STUDENT: Avadis Holtzclaw _____        DATE OF BIRTH  7-7-96

SCHOOL: FPCS-Southeast Academy _____     DATE:  10-27-06

Parent & Advocate: she   Mr. Fernandez stated that parent knew last year ~~student~~ was aware that FPCS-Southeast could not service the IEP. It is for that reason that the original IEP was reduced. Mr. Fernandez states that parent is seeking additional comp. ed. hours from the beginning of the school year to the 10-3-06 IEP date.

FPCS-Southeast
Advocate: : Ms. Laura Dais states Ms. Holtzclaw and FPCS-Southeast Elem. Academy had a settlement agreement on 6-22-06 that stated FPCS-Southeast Elem. Academy will provide 36 hours of Comp. ed. hours. The school has started to service these hours. FPCS-Southeast is offering 15 hours of inclusion until placement is rendered. FPCS-Southeast has been attempting to offer the 36 hour of comp. ed. but mother has pulled Avadis after school alot since the 10-3-06 meeting so comp ed has been sporadic.

Sped Teacher: Ms Bryan states that she has provided Avadis his specialized instruction hours since she has started at Southeast.

# Exhibit 8

Friendship Public Charter School
906 Pennsylvania Avenue SE
Washington, DC 20003
(202) 543-8395

### INDIVIDUALIZED EDUCATIONAL PROGRAM

Additional Comments: ☐

## II. CURRENT INFORMATION

**Date of IEP Meeting:** 10/03/06
**Date of Last IEP Meeting:** 12/05/05
**Date of Most Recent Eligibility Decision:** 10/03/06

**Purpose of IEP Conference:**
☐ Initial IEP    ☑ Review of IEP
☐ Requested Eval.    ☐ 3yr ReEval.

## I. IDENTIFICATION INFORMATION

**Student Name:** Last Holtzclaw    First Avadis    MI H

**Student ID** _____    **Soc. Sec. No.** 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    **Age:** ___    **Grade** 4

**Gender** ☐M ☐F    **Date of Birth** _____    **Ethnic Group** Black, not of Hispanic origin

**Address** 3347 23rd Street SE #101    916 Savannah St. SE
House No.    Street Name    Quadrant    Apartment #
Washington, DC 20010
City    State    Zip Code

☐ Non-attending

**Attending School** FPCS-Southeast Elementary    **Home School** FPCS-Southeast Elementary P

☑ Elem. ☐ Mid/JHS ☐ SHS ☐ CWS /

**Parent** Dwanda Holtclaw   Holtzclaw

**Address of (if different from student):** ☑ Parent ☐ Guardian ☐ Surrogate

House No.   Street Name   Quad   Apt. No.   City   State   Zip Code
**Telephone: Home** 2367 (202) 678-7678    **Work** 21574-6815

Indicate Level of Standardized Assessment:
___III___

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| BEHAVIOR | TRANSPORTATION |
|---|---|
| ESY | TRANSITION |

## III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used In Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | N/A | NONE | Oral _____ |
| Parent | English | English | English | NONE | Rdg./Written _____ |
| Home | English | N/A | N/A | NONE | Instrument: _____ Date: _____ |

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd SpEd Total | | | FREQUENCY Hr./Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks./mos |
|---|---|---|---|---|---|---|---|---|
| Specialized Instruction | | 26.5 | 26.5 | HR | Weekly | Special Education Teacher | 10/03/2006 | 10 mos |
| Counseling | | 1 | 1 | | | Psychologist | 10-3-06 | 10 mos. |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| TOTAL | | 27.5 | 27.5 | Hours Per Week | | | | |

## V. Disability(ies)

Multiple Disability
Specific Learning    Disability 10H-7
ED

MD

☐ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☐ 0-20%  ☐ 21-60%  ☐ 61-100%

Percent of time NOT in a Regular Education Setting    C

## VI. IEP TEAM (Participants in the development of the IEP)

Sign your name below.

| | | |
|---|---|---|
| Willie Walker | Willie Walker | Sped. Teacher |
| Juan L. Fernandez, Advocate | Juan L. Garcia | Lindsall |
| Dwanda C Holtzclaw, Parent | Dwanda C Holtzclaw | Parent |
| Lyn A. R. Mathews | Lyn Ellis | School Psychologist |

✓ *I AGREE* with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.

**Parent/Guardian Signature** Dwanda C. Holtzclaw *    **Date** 10/3/06

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix.- A    IEP Page 1 of 4

* Parent wants standings with transportation to Foundation's school of ND agrees with implementation but not placement.

| Student Name | Avadis Holtzclaw | | Managing School | | DCPS - IEP |
| Student ID Number | | DOB | Attending School | FPCS-Southeast Elementary Acade | Page 2 of 4 |

## VII. Present Educational Performance Levels in Areas Affected by the Disability

**Additional Comments:**

**Academic Areas: (Evaluator)** J. Smiley- Sped. Coordinator

Math Strengths:

Avadis math strengths is to solve simple adding and subtracting.

Impact of disability on educational performance in general education curriculum:

Avadis disability impacts his ability to solve addition and subtraction problems with regrouping , word problems, fractions without like denominators.

Reading Strengths:

Impact of disability on educational performance in general education curriculum:

Avadis disability impacts his ability to compose sentences spelling, word meaning, and reading comp.

**Score(s) When Available**

| | | |
|---|---|---|
| Math Cal. | SS89 | GE 3.4 |
| Math Rea. | SS87 | GE2.8 |
| See goal page: | page 2 | |
| Date: | | |
| | | |
| Rdg. Com | SS75 | GE1.8 |
| Rdg. Basic | SS81 | GE2.6 |
| Written Ex. | SS69 | GE1.9 |
| See goal page: | page 2 | |
| Date: | | |

**Communication (Speech & Language) (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) When Available**

| | | |
|---|---|---|
| Exp.Lang. | | |
| Rec- Lang. | | |
| Artic | | |
| Voice | | |
| Fluency | | |
| Exp. Voc. | | |
| Rec. Voc. | | |
| See goal page: | | |
| Date: | | |

**Motor/Health (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) /Results When Available**

See goal page:

Date:

**Social Emotional Behavioral Areas: (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) When Available**

See goal page:

Date:

**Cognitive/Adaptive Behavior: (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) When Available**

See goal page:

Date:

**Prevocational Skills: (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

**Score(s) When Available**

See goal page:

Date:

| Student Name | Avadis Holtzclaw | | Managing School | | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | | DOB | Attending School | FPCS-Southeast Elementary Acade | Page 3 of 4 |

**VIII. SPECIALIZED SERVICES**    Additional Comments:    **Goal Number:**

Area addressed by goal: **Language Arts**

ANNUAL GOAL: (including mastery criteria.)

Avadis will show one year's growth based on the pretest and posttest of the WJIII data by mastering the short term objectives with 80% accuracy.

Provider(s):

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Avadis will compose simple sentences with 80% accuracy. | | |
| Avadis will proofread all written text for the correct capitalization and punctuation with 80% accuracy. | | |
| Avadis will spell a list of weekly spelling words with 80% accuracy. | | |
| Avadis will use context clues to gain word meaning with 80% accuracy. | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Portfolio    ☐ Log    ☐ Chart    ☐ Test    ☐ Documented Observation    ☐ Report    ☐ Other _____

| Student Name | Avadis Holtzclaw | | Managing School | | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | | DOB | Attending School | FPCS-Southeast Elementary Acade | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | Goal Number: |
|---|---|---|

### Area addressed by goal: Academics- Math

**ANNUAL GOAL:** (including mastery criteria.)

Avadis will show one year's growth based on the pretest and posttest data by mastering the short-term objectives with 80% accuracy.

**Provider(s):** Sped. Case Manager and General Educator

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Avadis will solve addition and subtraction problems with regrouping 80% accuracy. | | Quarterly |
| Avadis will multiply and divide two digit numbers with 80% accuracy. | | Quarterly |
| Avadis will solve one-step word problems with unlike denominators with 80% accuracy. | | Quarterly |
| Avadis will add and subtract fractions with unlike denominators with 80% accuracy. | | Quarterly |
| Avadis will solve simple measurement problems with 80% accuracy. | | Quarterly |
| | | |

### EVALUATION PROCEDURE(S)

☐ Portfolio  ☐ Log  ☑ Chart  ☑ Test  ☐ Documented Observation  ☑ Report  ☐ Other _____

| Student Name | Avadis Holtzclaw | | Managing School | | DCPS - IEP |
| Student ID Number | | DOB | Attending School FPCS-Southeast Elementary Acade | | Page 3 of 4 |

| **VIII. SPECIALIZED SERVICES** | **Additional Comments:** | **Goal Number:** |

### Area addressed by goal: Language Arts – *Reading*

**ANNUAL GOAL: (including mastery criteria.)**

Avadis will show one year's growth based on the pretest and posttest of the WJIII data by mastering the short-term objectives with 80% accuracy.

**Provider(s):  Sped. Case Manager & General Educator**

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Avadis will read various text and answer comprehension type questions with 80% accuracy. | | Quarterly |
| Avadis will read various text and identify various story elements with 80% accuracy. | | Quarterly |
| Avadis will define unfamiliar words while reading various text with 80% accuracy. | | Quarterly |
| Avadis will read various text and determine the synonym and antonym of various words with 80% accuracy. | | Quarterly |
| Avadis will read various text and identify the author's purpose with 80% accuracy. | | Quarterly |
| | | |

| **EVALUATION PROCEDURE(S)** |
|---|
| ☐ Portfolio    ☑ Log    ☐ Chart    ☑ Test    ☐ Documented Observation    ☑ Report    ☐ Other _____ |

District of Columbia Public Schools          07-02-2001          Division of Special Education          Appendix - A          IEP Page 3 of 4

| Student Name  Avadis Holtzclaw | | Managing School | DCPS - IEP |
| --- | --- | --- | --- |
| Student ID Number | DOB | Attending School  FPCS-Southeast Elementary Acade | Page 4 of 4 |

### Additional Comments:

**IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION SERVICE ALTERNATIVES**

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in regular education?  ☑ Yes  ☐ No

Explanation for removal out of regular education classroom.

Avadis warrants a setting that will provide him the least restrictive environment academically. *Avadis requires a full-time placement to provide him the least restrictive environment academically.*

### X. Supplementary Aids and Services

| Classroom Needs (Do not name products or companies.) | SETTING GenEd | SETTING SpEd | SETTING Total | FREQUENCY Hr./ Min | FREQUENCY D/W/M. | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations  for testing:      ☐ None needed

- ☐ Timing/Scheduling: Extended time
- ☐ Setting:  Small group
- ☐ Presentation:  Reading of direction and test items as needed  *+ Guided notes*
- ☐ Response:
- ☐ Equipment:  Use of a highlighter

### XI. STATE AND DISTRICT ASSESSMENTS:

- ☐ Level I  Tested with non-disabled peers under standard conditions without accommodations.
- ☑ Level III (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations
- ☐ Level V  Portfolio:

- ☐ Level II  (Describe accommodations for level II) Tested under standard conditions with special accommodations.
- ☐ Level IV  (Describe the alternative assessment)

### XII. Areas Requiring Specialized Instruction and Related Services:

| | | | Modifications: |
| --- | --- | --- | --- |
| ☑ Reading | ☐ Physical/Sensory | ☐ Transition | ☐ Language Arts/English |
| ☑ Mathematics | ☐ Social Emotional | ☐ Vocational | ☐ Social Sciences |
| ☑ Written Expression | ☐ Physical Development | ☐ Independent Living | ☐ Biological & Physical Sciences |
| ☐ Other: | | ☐ Speech/Language | ☐ Fine Arts |

☐ None    Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above.

### XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
| --- | --- | --- |
| General Education | ~~Accept~~  Reject | ~~Impact on self-esteem~~ |
| Out of the general education | ~~Reject~~  Accept | ~~Too restrictive~~ |
| Combination | Reject | COntinue school failure |
| | | |
| | | |

Modification(s)/Accommodation(s) to address the harmful effects:

Exposure to general education curriculum.

| Location for Services | FPCS-Southeast Elementary Academy |
| --- | --- |

District of Columbia Public Schools      07-02-2001      Division of Special Education      Appendix - A      IEP Page 4 of 4

## EVALUATION TO JUSTIFY TRANSPORTATION

Student ___Avadis Holtzclaw___   ID# _____   DOB ___N/A___

Attending School _____ Neighborhood School _____

Attach a copy to the Transportation Data Form and maintain as a part of the IEP

Justification for Transportation as a related service as stipulated in 300.24 (15). (Check all that apply):

1. ☐ Medical reports document a severe health condition that prevents the student from walking to school. Specify _____

2. ☐ Medical reports document a physical disability that prevents the students from walking to or getting to school independently. Specify _____

3. ☐ A documented severe cognitive disability prevents the students from walking or getting to school independently. Specify _____

4. ☐ A visual and/or hearing disability interferes with the student's ability to arrive at school independently. Documentation source _____

5. ☐ A severe communication disability prevents the student from communicating for his/her own safety Documentation source _____

6. ☐ A behavior /emotional disability is so severe or erratic that there is concern for the safety of the student and/or others. Documentation source _____

7. ☐ The student is eligible for the preschool special education program and could not participate without special transportation.

8. ☐ The student is/will attend a distant school because the IEP cannot be implemented at the zoned school.

9. ☐ The student is medically fragile. Documentation source _____

10. ☐ The student requires assistance to get on and off the bus. Documentation source _____

11. ☐ The student is unable to function independently due to the severity of the disability. Documentation source _____

12. ☐ The student requires a non-routine transportation schedule (i.e. contract services, abbreviated school day). Explain _____

13. ☐ Medical reports document that the student has a physical disability and/or severe health condition that prevents him or her from walking to school. Documentation source _____

14. ☐ A documented severe cognitive disability prevents the student from walking to school. Documentation source _____

15. ☐ Other (Specify) _____

DISTRICT OF COLUMBIA PUBLIC SCHOOLS      07-02-2001      DIVISION OF SPECIAL EDUCATION      APPENDIX-A

146

## TRANSPORTATION DIVISION

## STUDENT TRANSPORTATION DATA FORM

2006-2007
School Year

STUDENT IDENTIFICATION NUMBER

(MDT must first determine if student meets the requirements for transportation services and has it included in the IEP.)

Person Making Request: _____
Date of Request: _____
Status of Request: _____
Date Request Received: _____
Person Receiving Request: _____

| | |
|---|---|
| | Student:    Last Name              First Name          MI |
| Parent / Guardian (Print legibly or type) | House No.    Street Name          Quad.   Apt. |
| | City                State    Zip Code   . |
| Telephone (H) | DOB    Gender    Primary Language    Submitting School and Telephone Number |
| Telephone (W) | Disability Classification          Medical Issues |
| | **MODE OF TRANSPORTATION**  ☐ *Bus ☐ Tokens ☐ Farecards |
| Emergency Contact | * SPECIAL ACCOMMODATIONS FOR BUS |
| | Height _____  Weight _____ |
| Relationship | Oxygen      Tracheotomy tube    Seizures    Helmet |
| | Harness      1:1 Aide    Behavioral issues _____ |
| Telephone No. | Medication _____   Specific allergies _____ |
| | Dosage required during transportation : |
| Pager / Cell No. | ☐ Yes ☐ No  Dosage _____          ☐ PM ☐ AM |
| Students will be taken to a central location until 6:00 p.m. if the bus attendants are unable to deliver them to the designated location. After 6:00 p.m. the police will be contacted. This year's central location is _____ | ☐ Mobility ☐ Ambulatory ( ☐ Cane, ☐ Crutch, ☐ Walker) |
| | ☐ Ambulatory w/ assistance ( ☐ Cane, ☐ Crutch, ☐ Walker) |
| | ☐ Non Ambulatory ( ☐ Standard, ☐ Motorized, ☐ Oversized) |
| | w/ lap tray    ☐ Yes  ☐ No) |
| | ☐ Car Seat      ☐ Positioning Device _____ |
| | ☐ Special Restraint    ☐ Other, Describe: _____ |

Click one of the following:

☐ AM Pick-up & PM Drop-off is the same as the student address.

☐
_____          _____
AM Pick-up Address                                              Telephone No.

☐
_____          _____
PM Drop-off Address                                             Telephone No.

**Transportation will NOT be provided without confirmed placement through the proper procedures. Justification for other than neighborhood settings must be explained on the back by the school official requesting the transportation services.**

_____          _____          _____
School Official requesting transportation service:        Telephone No.              Date

_____          _____          _____
School to Attend:              Address of School              Telephone No.

**Questions may be directed to the Special Education Transportation Liaison.**

| | | | | |
|---|---|---|---|---|
| District of Columbia Public Schools | 07-02-2001 | Division of Special Education | IEP Attachment B | Transportation |

147

| Student Name | *Avadis Holtzclaw* | | Managing School | *1* | | DCPS - TRANSITION SERVICES PLAN |
|---|---|---|---|---|---|---|
| Student ID Number | .. | DOB | Attending School | | | PAGE 1 OF 2 |

Date Developed: _____

## DCPS TRANSITION SERVICES PLAN

Note: The MDT determines if the IEP must include a statement of transition service needs which focuses on the Courses of study if the student will turn 14 during the implementation of the IEP. Furthermore, the MDT must include a detailed transition plan for a student who will turn 16 during the implementation of the IEP.

**I.   Record student's post-secondary goals and interests.**

Employment: _____

Community Participation: _____

Post-Secondary Education and Training: _____

Independent Living: _____

**II.   Courses of study leading to student's post-high school goals.**

| Grade or School Year | Courses of Study |
|---|---|
| | |
| | |
| | |
| | |
| | |

**III.   Transition Services Needed.**
*Evaluate the student's present level of performance in the following areas: Academic, Career Courses, Community-based Training, Supported or Competitive Employment, Communication, Independent Living Skills, Community Travel, Transportation, Employability Skills, Social Skills, Community Resources, Educational, Financial, Career Training, Community-Based Instruction, Skill/Trade Training, Vocational, or Social Relationships.*

| Transition Services | Coordinated Activities and Strategies | Agency Responsible |
|---|---|---|
| **Employment**<br><br>If service is not needed, provide explanation. | | |
| **Community Participation**<br><br>If service is not needed, provide explanation. | | |
| **Post - Secondary Education and Training**<br>If service is not needed, provide explanation. | | |
| **Independent and Adult Living**<br>If service is not needed, provide explanation. | | |

District of Columbia Public Schools      07-02-2001      Division of Special Education   IEP Attachment C   Transition Services Plan   Page 1 of 2

148

| Student Name | | Managing School | | DCPS - TRANSITION SERVICES PLAN PAGE 2 OF 2 |
| Student ID Number | DOB | Attending School | | |

Date Developed:

| Transition Services | Coordinated Activities and Strategies | Agency Responsible |
|---|---|---|
| **Daily Living Skills** If service is not needed, provide explanation. | | |
| **Functional Vocational Evaluation** If service is not needed, provide explanation. | | |
| **Other** | | |

**IV.**

| Projected Exit Category (check one) | | High School Diploma Status | | Projected Exit Date (M/D/Y) |
|---|---|---|---|---|
| | DC High School Diploma | # Credits Earned toward graduation | | |
| | High School Certificate at age 21 | | | |
| | High School Certificate prior to age 21 | # Community Service Hours Completed | | |

| State Test Requirements | Area | Date Taken / Score Received |
|---|---|---|
| | | |
| | | |
| | | |

**V.** *Identify any other agencies likely to be responsible for providing or paying for specific transition services.*

Examples of Agency Linkages Needed for Transition
- Rehabilitation Services Administration (RSA)
- Mental Retardation and Developmental Disabilities Administration (MRDDA)
- Commission on Mental Health Services (CMES)
- UDC or other higher education institutions

| Agency | Agency Representative/ Telephone Number | Purpose of Contact | Date |
|---|---|---|---|
| | Telephone No.: | | |
| | Telephone No.: | | |
| | Telephone No.: | | |
| | Telephone No.: | | |

District of Columbia Public Schools     07-02-2001     Division of Special Education     IEP Attachment C  Transition Services Plan  Page 2 of 2

**Friendship Public Charter School**
906 Pennsylvania Avenue SE
Washington, DC 20003
(202) 543-8395

| IEP Attachment - D |
| ESY Services |
| Page 1 of 2 |

## IEP ADDENDUM FOR ESY SERVICES

**Student Name: Avadis Holtzclaw**　　　**Initial** _____　**Date of Birth:** _____

**Gender:**　☐ **Male**　☐ **Female**　　　　　　**Grade**　　*1/*

**School:  FPCS-Southeast Elementary Academy**　　**Date IEP Written** _____

**Checklist:**

|  |  | Yes | No |
|---|---|---|---|
| 1. | IEP is appropriate and reasonable for student | ☐ | ☐ |
| 2. | All or most IEP goals and objective are being achieved | ☐ | ☐ |
| 3. | Severity of student's disability requires individualized programming in areas of : | ☐ | ☐ |
|  | • Self sufficiency and independence from caretaker or |  |  |
|  | • _____ |  |  |
| 4. | Student record shows serious regression following interruptions in the school program. | ☐ | ☐ |
| 5. | Student record shows inability to recoup skills a reasonable time following regression. | ☐ | ☐ |
| 6. | Student has critical need for continuity in programming to facilitate achieving educational benefit from her or his education program. | ☐ | ☐ |
| 7. | Transportation services needed | ☐ | ☐ |

**Determination**

After review the IEP team **RECOMMENDS** the provision of an

extended school year program for the above student.　　☐　☐

**Reason**

## Special Education Goal and Objective for ESY

Goals and objectives from the IEP which are to be specifically addressed during ESY are:

| Annual Goal(s) | Skills Area(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

| Special Education Services for ESY | | RELATED SERVICES | | | | |
|---|---|---|---|---|---|---|
| Skills Area(s) | *Setting | Time to be Provided | | | Projected Date of Initiation | Number of Weeks |
|  |  | Amount | Unit ( Hours/ Mins ) | Period ( D/ W/ M ) |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

* **Setting : A** - Full Time General Education; **B** - Combo. General Education / Resources Classroom ; **C** -  Out of Regular Education

| ESY Least Restrictive Environment (LRE) | | |
|---|---|---|
| ☐   **Placement as in regular school year** | Hours/Week |  |
| ☐   **Placement different from regular school year** |  |  |

**Placement**

Specify placement (setting and alternate) of ESY service:

Explain why options selected above are the most appropriate and the least restrictive.

Describe any other options considered, and provide reasons those options rejected.

| Parent Name | Date | Signature |
|---|---|---|
|  |  |  |

# Exhibit 9



## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### WASHINGTON, D.C.
### INDIVIDUALIZED EDUCATIONAL PROGRAM

DCPS - IEP
Additional Comments:

### I. IDENTIFICATION INFORMATION

Student Name: Last **Holtzclaw**   First **Avadis**   MI

Student ID ___   Soc. Sec. No. ___   Age: ___   Grade **3**

Gender ☒ M ☐ F   Date of Birth **07/09/1996**   Ethnic Group **African American**

Address **3347 23rd St., SE**
House No.   _Street Name_   Quadrant   Apartment #
**Washington, DC 20020**
City   State   Zip Code

☐ Non-attending

Attending School **Friendship Southeast**   Home School ___

☒ Elem. ☐ Mid/JHS ☐ SHS ☐ CWS /

Parent **Dwanda Holtzclaw**

Address of (if different from student):   ☒ Parent ☐ Guardian ☐ Surrogate

House No.   Street Name   Quad   Apt. No.   City   State   Zip Code
Telephone: Home ___   Work **(240) 593 - 4024**

### II. CURRENT INFORMATION

Date of IEP Meeting:   **10/05/2005**
Date of Last IEP Meeting:   **04/28/2005**
Date of Most Recent Eligibility Decision:   **11/12/2003**

Purpose of IEP Conference:
☐ Initial IEP   ☒ Review of IEP
☐ Requested Eval.   ☐ 3yr ReEval.

Indicate Level of Standardized Assessment:   III

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| BEHAVIOR | TRANSPORTATION |
|---|---|
| ESY | TRANSITION |

| III. LANGUAGE | Language | Language Used for Evaluation | Language Used In Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | English | Native Lang | Oral ___ Rdg./ Written ___ |
| Parent | English | English | English | Native Lang | Instrument: ___ |
| Home | English | English | English | Native Lang | Date: ___ |

### IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd | SpEd | Total | FREQUENCY Hr./Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | # | DURATION wks./mos |
|---|---|---|---|---|---|---|---|---|---|
| Specialized Instruction | 25 | | 25 | Hours | Week | Special Educator | 10/11/05 | 36 | Weeks |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| TOTAL | 25 | | 25 | Hours Per Week | | | | | |

### V. Disability(ies)

**Specific Learning**   **Disabled**

☒ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☒ 0-20%   ☐ 21-60%   ☐ 61-100%
Percent of time NOT in a Regular Education Setting

### VI. IEP TEAM (Participants in the development of the IEP)

_Print and sign your name below_

Erica Alton
Dwanda Holtzclaw
Sonja Djossou

_(signatures)_
Erica Alton
Dwanda B. Holtzclaw
Sonja Djossou

☐ I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.
Parent/Guardian Signature _Dwanda C. Holtzclaw_   Date **10/05/2005**

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 1 of 4

Student Name _Avadis Holtzchw_    Managing School _Friendship Southeast Elem. Academy_ 's - IEP

Student ID Number ____    DOB _07/09/96_    Attending School _Friendship Southeast Elem Academy_ e 2 of 4

## VII. Present Educational Performance Levels in Areas Affected by the Disability

Academic Areas: (Evaluator) _Deborah Harrison_

**Math Strengths:**

Impact of disability on educational performance in general education curriculum:

_Avadis' disability impacts his ability to complete math calculations and solving word problems on grade level._

**Reading Strengths:**

Impact of disability on educational performance in general education curriculum:

_Avadis' disability impacts his ability to complete reading comprehension, word recognition, written language, spelling, sentence structure on his grade level._

**Communication (Speech & Language) (Evaluator)**

Strengths:

Impact of disability on educational performance in general education curriculum:

**Motor/Health (Evaluator)**

Strengths:

Impact of disability on educational performance in general education curriculum:

**Social Emotional Behavioral Areas: (Evaluator)**

Strengths:

Impact of disability on educational performance in general education curriculum:

**Cognitive/Adaptive Behavior: (Evaluator)**

Strengths:

Impact of disability on educational performance in general education curriculum:

**Prevocational Skills: (Evaluator)**

Strengths:

Impact of disability on educational performance in general education curriculum:

### Additional Comments

Score(s) When Available

Math Cal.  SS  77

Math Rea.

See goal page:

Date:

Rdg. Com

Rdg. Basic  SS  69

Written Ex.  SS  80

See goal page:

Date:

Score(s) When Available

Exp.Lang.

Rec- Lang.

Artic

Voice

Fluency

Exp. Voc.

Rec. Voc.

See goal page:

Date:

Score(s) / Results
When Available

See goal page:

Date:

Score(s) When Available

See goal page:

Date:

Score(s) When Available

See goal page:

Date:

Score(s) When Available

See goal page:

Date:

Goal Number: 1

| VIII. SPECIALIZED SERVICES | Additional Comments: |
|---|---|

Area addressed by goal: _Academics - Reading_

**ANNUAL GOAL:** (including mastery criteria.)

The student will demonstrate improved achievement in reading by mastering the following objectives by one years growth.

Provider(s): _Special Education Teacher_

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given the Dolch Sight Word List, Avadis will study and read aloud daily to increase his sight word recognition. 80% of the time with minimal assistance | | Weekly |
| Given short stories from a level reader, Avadis will read silently then orally to answer factual and inferential questions to demonstrate comprehension 80% of the time with moderate assistance | | Quarterly |
| Given stories on Avadis' reading level, he will read silently then orally and state the main idea and retell the story to demonstrate comprehension 80% of the time with moderate assistance. | | Quarterly |
| | | |
| | | |
| | | |

---

**EVALUATION PROCEDURE(S)**

Portfolio     Log     Chart     (Test)     (Documented Observation)     Report     Other _____

| Student Name | Avadis Holtzclaw | Managing School | FSEA | DCPS - IEP |
|---|---|---|---|---|
| Student ID Number | | DOB 07/09/96 | Attending School FSEA | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | Goal Number: 2 |
|---|---|---|

Area addressed by goal: *Academic - Mathematics*

**ANNUAL GOAL:** (including mastery criteria.)

The student will demonstrate improved achievement in Mathematics by mastering the following objectives by one year growth.

Provider(s): Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given simple word problems of addition and subtraction, Avadis will solve using manipulatives 80% of the time with moderate assistance | | Quarterly |
| Given basic math facts to twenty, Avadis will add and subtract using manipulatives 90% of the time with minimal assistance. | | weekly |
| Given an analog clock, Avadis will move the hands to display the given times to the half hour 90% of the time with minimal assistance. | | weekly |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

| Portfolio | Log | Chart | (Test) | (Documented Observation) | Report | Other |
|---|---|---|---|---|---|---|

| Student Name | Avadis Holtzclaw | Managing School | FSEA | | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | | DOB 07/09/96 | Attending School | FSEA | Page 3 of 4 |

| **VIII. SPECIALIZED SERVICES** | **Additional Comments:** | **Goal Number:** 3 |
|---|---|---|

**Area addressed by goal:** Academic - Written Expression

**ANNUAL GOAL: (including mastery criteria.)**

The student will demonstrate improved achievement in written language by mastering the following objectives by one year growth.

**Provider(s):** Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given weekly spelling words, Avadis will write dictated words correctly 80% of the time with minimal assistance | | quarterly |
| Given spelling words and vocabulary words, Avadis will write the words in sentences 80% of the time with minimal assistance. | | quarterly |
| Avadis will use proper punctuation grammar and capitalization in his daily written work 80% of the time with minimal assistance. | | quarterly |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

Portfolio    Log    Chart    (Test)    (Documented Observation)    Report    Other _____

| Student Name | Anadis Holtzclaw | Managing School | FSEA | DCPS-IEP |
|---|---|---|---|---|
| Student ID Number | | DOB 07/09/96   Attending School | FSEA | Page 4 of 4 |

**Additional Comments:**

### IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION SERVICE ALTERNATIVES

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in regular education?   Yes   No

Explanation for removal out of regular education classroom.

### X. Supplementary Aids and Services

| Classroom Needs (Do not name products or companies.) | SETTING GenEd | SpEd | Total | FREQUENCY Hr/ Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations for testing:    None needed

Timing/Scheduling: *Extra response and processing time*

Setting:

Presentation: *Verbatim repetition of scripted directions, as needed.*

Response: *Verbatim reading of selected sections of test or vocabulary for content areas*

Equipment: *other than reading*

### XI. STATE AND DISTRICT ASSESSMENTS:

**Level I**  Tested with non-disabled peers under standard conditions without accommodations.

**Level III** (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

**Level V**  Portfolio:

**Level II**  (Describe accommodations for level II) Tested under standard conditions with special accommodations.

**Level IV**  (Describe the alternative assessment)

### XII. Areas Requiring Specialized Instruction and Related Services:

| | Modifications: |
|---|---|
| (Reading) | Physical/Sensory | Transition | Language Arts/English |
| (Mathematics) | Social Emotional | Vocational | Social Sciences |
| (Written Expression) | Physical Development | Independent Living | Biological & Physical Sciences |
| Other: | | Speech/Language | Fine Arts |
| None | Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above. | | |

### XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| In General Education Classroom Setting | Accept | Time away from non-disabled peers in academic settings |
| Combo- General Ed./Resource Classroom | Reject | |
| Out of General Ed. Classroom | Reject | |
| | | |

Modification(s)/Accommodation(s) to address the harmful effects:

Location for Services *Friendship Southeast Elementary Academy*

District of Columbia Public Schools     07-02-2001     Division of Special Education     Appendix - A     IEP Page 4 of 4

## DOCUMENTED LEVEL OF SERVICE
Complete and attach to MDT/IEP meeting notes

| | | |
|---|---|---|
| School Friendship Southeast Elem-Acad | Principal Mr. Bartee | Special Education Coordinator Mrs. Djossou |
| Date | Case Manager | Technical Support Supervisor |
| Student Avadis Holtzclaw | DOB 07/09/96 Age  Grade 3  ID# | SSN# |
| Parent Dwanda Holtzclaw | Telephone (H) (202) 678-7679  (W) | |
| Address: 3347 23rd Street SE  Washington, DC 20020 | | State  Zip Code |

Street#  Street    Quad  Apt. No.  City

REFERRAL SOURCE: (Check)    120 Day    Reeval.    HOD    SA    MA

Nonpublic    Residential    Citywide    Courts    Local School    Other:

Previous least restrictive environment (LRE Setting):

## JUSTIFICATION FOR SETTING CONSIDERATION
### (Submit TAT/MDT Documentation)
SUPPORTIVE DATA/DOCUMENTATION

| 2. ACCOMMODATIONS/ MODIFICATIONS | 3. DATA REQUIREMENTS | | |
|---|---|---|---|
| | Current IEP | Yes | |
| | Signatures of required participants (MDT notes) | Yes | |
| | Intervention Behavior Plan | Yes | |
| | Copies of current class work and homework assignments | Yes | |
| | Medical Reports | Yes | No |
| | Clinical Reports | Yes | No |
| | Psychiatric Reports | Yes | No |
| | Medications | Yes | No |
| | Attendance Record | Yes | |
| | Copies of most recent evaluation(s) | Yes | |
| 4. Results of all interventions: (TAT, MDT, etc. and attach meeting notes.) | 5. Resources needed for program implementation | | |

## 6. CURRENT SETTING CONSIDERATIONS

| ROW | SETTING in neighborhood school (Determined through the IEP team.) | SERVICE PROVIDER (Based on documented need) | LEVEL OF SERVICE (Based on documented need) |
|---|---|---|---|
| 1 | in general education classroom setting | general educators with consultation from special education staff | between 0% and 20% of service time |
| 2 | combination general education and resource classroom | combination of general educators, special educators and related service providers | between 21 % and 60% of service time |
| 3 | *out of general education classroom | special educators and related service providers | between 61 % and 100% of service time |

*In providing or arranging for the provision of nonacademic and extracurricular service and activities, including meals, recess period, and the services and activities, each public agency shall ensure that each child with a disability participates with non-disabled children in those services and activities (300.306) to the maximum extent appropriate to the needs of that child. (300.553) Nonacademic settings

### Check the level of need as indicated:
DIRECTIONS:

| If two or three boxes are checked in the Row 1, check LOW, If two or three boxes are checked in the Row 2, check MODERATE. If two or three boxes are checked in the Row 3, check HIGH. | If one box is checked in each row, check either MODERATE or HIGH, depending on the need of the student. |
|---|---|

| 7. LEVEL OF NEED | | |
|---|---|---|
| LOW | MODERATE | HIGH |

Attention: Technical Support Supervisor / PERM Compliance team

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT

DT REFERRAL DATE: _____

STUDENT: Avadis Holtzclaw                    SCHOOL: FSEA                    DATE: _____

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Ms. Dawanda Holtzclaw | | Principal |
| Mr. Gary Bartee | | SEC |
| Ms. Sonja Djossou | | SEC |
| Mr. Michael Hill | | Spec Teacher |

We are here to have a MDT meeting for Avadis to reduce his service hours in specialize instruction and also to devolope a Behavior Intervention Plan to reflect the scores of the WJIII. Avadis was given the WJIII on 10-05-2005 and the scores reflect that his academic skills are average. When compared to other at his grade level, his over all average is low average. His fluency with academic task and his ability to apply academic skills are both within the low range. when compared to others at his grade level Avadis's performance is average in written language and written expression and low avaerage in broad reading skills mathematics, and math calculation skills. we as a team feel it is nessary to reduce is hours in specialize instruction he will benifit reflecting to his scores on WJIII.

# Exhibit 10

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
INDIVIDUALIZED EDUCATIONAL PROGRAM

DCPS - IEP

**Additional Comments:** ☐

## I. IDENTIFICATION INFORMATION

Student Name: Last _Holtzclaw_    First _Avadis_    MI

Student ID _____    Soc. Sec. No. _____    Age: _____    Grade _3_

Gender ☑M ☐F    Date of Birth _07/09/96_    Ethnic Group _African-American_

Address _3347 23rd Street, S.E._
House No.    Street Name    Quadrant    Apartment #

_Washington,     DC     20020_
City    State    Zip Code

☐ Non-attending

Attending School _Friendship Southeast_  Home School _____

☑ Elem. ☐ Mid/JHS ☐ SHS ☐ CWS I

Parent _Dwanda Holtzclaw_

Address of (if different from student): ☐ Parent ☐ Guardian ☐ Surrogate

House No.    Street Name    Quad    Apt. No.    City    State    Zip Code
Telephone: Home _____    Work _____

### II. CURRENT INFORMATION

Date of IEP Meeting: _12/05/05_

Date of Last IEP Meeting: _4/28/05_

Date of Most Recent Eligibility Decision: _11/12/03_

Purpose of IEP Conference:
☐ Initial IEP    ☑ Review of IEP
☐ Requested Eval.    ☐ 3yr ReEval

Indicate Level of Standardized Assessment:
_II_

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| ☒ BEHAVIOR | ☐ TRANSPORTATION |
| ☐ ESY | ☐ TRANSITION |

## III. LANGUAGE

| III. LANGUAGE | Language | Language Used for Evaluation | Language Used In Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | English | Native Lang | Oral _____ |
| Parent | English | English | English | Native Lang | Rdg./Written _____ |
| Home | English | English | English | Native Lang | Instrument: _____  Date: _____ |

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd | SpEd | Total | FREQUENCY Hr./Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks./mos |
|---|---|---|---|---|---|---|---|---|
| Special Need Instruction | 2.5 | 10 | 12.5 | Hr. | Week | Special Educator | 12.5.05 | 36 Weeks |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
| TOTAL | 2.5 | 10 | 12.5 | Hours Per Week |  |  |  |  |

## V. Disability(ies)

_Specific Learning Disabled_    Percent of time in Specialized Instruction and Related Services

_SLD_    ☒ (Check if setting is general Ed.)

☒ 0-20%  ☐ 21-60%  ☐ 61-100%

Percent of time NOT in a Regular Education Setting

## VI. IEP TEAM (Participants in the development of the IEP)    Print and sign your name below.

_Dwanda Holtzclaw_    _Dwanda C. Holtzclaw_

_Sonja Diossou_    _Sonja Diossou_

_Rebut Hall_    _____

_Gary Barfee_    _____

☑ *I AGREE* with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.

Parent/Guardian Signature _Dwanda C. Holtzclaw_    Date _12/05/05_

**VIII. SPECIALIZED SERVICES**     **Additional Comments:**     Goal Number: 1

Area addressed by goal: _Academics - Reading_

ANNUAL GOAL: (including mastery criteria.)

_The student will demonstrate improved achievement in reading by mastering the following objectives by one years growth._

Provider(s): _Special Education Teacher_

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given the Dolch Sight Word List, Avadis will study and read aloud daily to increase his sight word recognition. 80% of the time with minimal assistance | | Weekly |
| Given short stories from a level reader, Avadis will read silently then orally to answer factual and inferential questions to demonstrate comprehension 80% of the time with moderate assistance. | | Quarterly |
| Given stories on Avadis' reading level, he will read silently then orally and state the main idea and retell the story to demonstrate comprehension 80% of the time with moderate assistance. | | Quarterly |
| | | |
| | | |
| | | |

---

**EVALUATION PROCEDURE(S)**

Portfolio     Log     Chart     (Test)     (Documented Observation)     Report     Other _____

| Student Name | Avadis Holtzclaw | Managing School | F.SEA | DCPS - IEP |
| Student ID Number | | DOB 07/09/96 | Attending School | F.SEA | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | Goal Number: 2 |

Area addressed by goal: _Academic – Mathematics_

**ANNUAL GOAL: (including mastery criteria.)**

The student will demonstrate improved achievement in Mathematics by mastering the following objectives by one year growth.

Provider(s): Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given simple word problems of addition and subtraction, Avadis will solve using manipulatives 80% of the time with moderate assistance | | quarterly |
| Given basic math facts to twenty, Avadis will add and subtract using manipulatives 90% of the time with minimal assistance. | | weekly |
| Given an analog clock, Avadis will move the hands to display the given times to the half hour 90% of the time with minimal assistance. | | weekly |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

Portfolio    Log    Chart    (Test)    (Documented Observation)    Report    Other _____

District of Columbia Public Schools     07-02-2001     Division of Special Education     Appendix - A     IEP Page 3 of 4

| Student Name | Avadis Holtzclaw | Managing School | FSEA | DCPS - IEP |
|---|---|---|---|---|
| Student ID Number | | DOB 07/09/96 | Attending School FSEA | Page 3 of 4 |

**VIII. SPECIALIZED SERVICES**    Additional Comments:    Goal Number: 3

Area addressed by goal: *Academic- Written Expression*

**ANNUAL GOAL: (including mastery criteria.)**

The student will demonstrate improved achievement in written language by mastering the following objectives by one year growth.

Provider(s): Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Given weekly spelling words, Avadis will write dictated words correctly 80% of the time with minimal assistance | | Quarterly |
| Given spelling words and vocabulary words, Avadis will write the words in sentences 80% of the time with minimal assistance. | | Quarterly |
| Avadis will use proper punctuation grammar and capitalization in his daily written work 80% of the time with minimal assistance. | | Quarterly |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

| Portfolio | Log | Chart | (Test) | (Documented Observation) | Report | Other _____ |
|---|---|---|---|---|---|---|

| Student Name | Anadis Holtzclaw | Managing School | FSEA | DCPS - IEP |
|---|---|---|---|---|
| Student ID Number | | DOB 07/09/96  Attending School | FSEA | Page 4 of 4 |

### Additional Comments:

### IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION
### SERVICE ALTERNATIVES

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in regular education?   (Yes)   No

Explanation for removal out of regular education classroom.

### X. Supplementary Aids and Services

| Classroom Needs (Do not name products or companies.) | SETTING GenEd | SpEd | Total | FREQUENCY Hr./Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Check and list modifications and/or accommodations for testing:   None needed

Timing/Scheduling: _Extra, response, and processing time._

Setting:

Presentation: _Verbatim repetition of scripted directions, as needed._

Response: _Verbatim reading of selected sections of test or vocabulary for content areas_

Equipment: _other than reading_

### XI. STATE AND DISTRICT ASSESSMENTS:

Level I  Tested with non-disabled peers under standard conditions without accommodations.

(Level III) (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

Level V  Portfolio:

Level II  (Describe accommodations for level II) Tested under standard conditions with special accommodations.

Level IV  (Describe the alternative assessment)

### XII. Areas Requiring Specialized Instruction and Related Services:     Modifications:

| | | | |
|---|---|---|---|
| (Reading) | Physical/Sensory | Transition | Language Arts/English |
| (Mathematics) | Social Emotional | Vocational | Social Sciences |
| (Written Expression) | Physical Development | Independent Living | Biological & Physical Sciences |
| Other: | | Speech/Language | Fine Arts |
| None | Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above. | | |

### XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| In General Education Classroom Stry | Accept | Time away from non-disabled peers in academic settings |
| Combo- General Ed/Resource Classroom | Reject | |
| Out of General Ed. Classroom | Reject | |
| | | |
| | | |

Modification(s)/Accommodation(s) to address the harmful effects:

Location for Services _Friendship Southeast Elementary Academy_

District of Columbia Public Schools      07-02-2001      Division of Special Education      Appendix - A      IEP Page 4 of 4

## DOCUMENTED LEVEL OF SERVICE
Complete and attach to MDT/IEP meeting notes

| | | | |
|---|---|---|---|
| School *Friendship Southeast Elem-Acad* Principal *Mr. Bartee* | | Special Education Coordinator *Mrs. Djossou* | |
| Date | Case Manager | Technical Support Supervisor | |

Student *Avadis Holtzclaw*  DOB *07/09/96* Age  Grade *3*  ID#  SSN#

Parent *Dwanda Holtzclaw*  Telephone (H) *(202) 678-7679*  (W)

Address: *3347 23rd Street SE Washington, DC 20020*
Street#  Street  Quad  Apt. No.  City  State  Zip Code

REFERRAL SOURCE: (Check)  120 Day  Reeval.  HOD  SA  MA

Nonpublic  Residential  Citywide  Courts  Local School  Other:

Previous least restrictive environment (LRE Setting):

## JUSTIFICATION FOR SETTING CONSIDERATION
### (Submit TAT/MDT Documentation)
#### SUPPORTIVE DATA/DOCUMENTATION

| 2. ACCOMMODATIONS/ MODIFICATIONS | 3. DATA REQUIREMENTS | | |
|---|---|---|---|
| | Current IEP | Yes | No |
| | Signatures of required participants (MDT notes) | Yes | |
| | Intervention Behavior Plan | Yes | |
| | Copies of current class work and homework assignments | Yes | |
| | Medical Reports | Yes | No |
| | Clinical Reports | Yes | No |
| | Psychiatric Reports | Yes | No |
| | Medications | Yes | No |
| | Attendance Record | Yes | |
| | Copies of most recent evaluation(s) | Yes | |
| 4. Results of all interventions: (TAT, MDT, etc. and attach meeting notes.) | 5. Resources needed for program implementation | | |

## 6. CURRENT SETTING CONSIDERATIONS

| ROW | SETTING in neighborhood school (Determined through the IEP team.) | SERVICE PROVIDER (Based on documented need) | LEVEL OF SERVICE (Based on documented need) |
|---|---|---|---|
| 1 | in general education classroom setting | general educators with consultation from special education staff | between 0% and 20% of service time |
| 2 | combination general education and resource classroom | combination of general educators, special educators and related service providers | between 21 % and 60% of service time |
| 3 | *out of general education classroom | special educators and related service providers | between 61 % and 100% of service time |

*In providing or arranging for the provision of nonacademic and extracurricular service and activities, including meals, recess period, and th services and activities, each public agency shall ensure that each child with a disability participates with non-disabled children in those services and activities (300.306) to the maximum extent appropriate to the needs of that child. (300.553) Nonacademic settings)

### Check the level of need as indicated:
#### DIRECTIONS:

| If two or three boxes are checked in the Row 1, check LOW. If two or three boxes are checked in the Row 2, check MODERATE. If two or three boxes are checked in the Row 3, check HIGH. | If one box is checked in each row, check either MODERATE or HIGH, depending on the need of the student. |
|---|---|

| 7. LEVEL OF NEED | | |
|---|---|---|
| LOW | MODERATE | HIGH |

Attention: Technical Support Supervisor / PERM Compliance Team

District of Columbia Public
Schools Washington, D.C.

**Division of Special Education**

## FUNCTIONAL BEHAVIORAL ASSESSMENT

Student _Avaadis Holtzclaw_     DOB _7-9-96_     DATE _12-5-05_

School _Friendship SE Campus_     Grade _3_     Special Ed Coordinator _____

**Describe and Verify the Seriousness of the Problem.**

Acting out in class, bothering other students

| **Frequency** | | **Intensity** | | **Duration** | |

**Identify specific characteristics of the behavior that is interfering with learning.**

Talking during learning time ,being disrespectful , getting up and walking around during learning time unnessary movement

**Collect information on:** Time when the behavior does/does not occur; Location of the behavior; Conditions when the behavior does/does not occur; Individuals present (when most/least likely to occur); Events or conditions that typically occur before the behavior; Events or conditions that typically occur after the behavior; Common setting events; Other behaviors that are associated with the problem behavior.

**What environmental conditions may affect the behavior?**

seating arangement , classroom stimulation

**What does the student view as positive reinforcement?**

If he can let his teachers know that his anger is building up / feel he is entering a crisis .

**What interventions were previously attempted, and what were the results?**

Seating changes have been made , was allow to sit alone ,was able to raise his hand and a signal was given to the teacher to let her know he felt he was getting ready to have a crisis.

**Collect information on possible functions of the problem behavior.**

☐ Direct Assessment
    ☐ Scatterplots ☐ ABC Charts ☐ Rating Rubric ☐ Amount versus quality of behavior

☒ Indirect Assessment
    ☒ Interviews ☐ Questionnaires ☐ Surveys

**Analyze information using triangulation and /or problem pathway analysis.**

**Generate a hypothesis statement regarding probable function of problem behavior.**
**Test the hypothesis statement regarding the function of the problem behavior.**

Avadis has been disrupting class and disrespecting teachers and staff he will run when he feels hes in trouble

District of Columbia Public Schools     07-02-2001     Division of Special Education     FBA

**District of Columbia Public Schools**
**Washington, D.C.**

| | I.E.P.  Attachment A |
| --- | --- |
| | Intervention Behavior Plan |

**INTERVENTION BEHAVIOR PLAN**

Date Developed: _____

Student Name    Avadis Holtzclaw    _____ ID# _____    DOB  7-9-96 _____ Grade  3

Address _____
        Street #          Street Name,          Quadrant    Apartment #    City,                    State,    Zip Code

Telephone (H) _____ (W) _____    Counselor _____

Attending School _____ Teacher _____    Room _____ Section _____

**TARGETED BEHAVIOR(S):**    Additional Comments: ☐

Outburst , talking during learning time , taunting other students

**POSITIVE INTERVENTION STRATEGIES:** Student Objective -

Verbal or Written Praise  pass for free time with a staff  member ( 5 min) only after 1 week  have lunch with a staff  for  positive  behavior.

Implementation description -

Behavior Management form  and  behavior  point sheet

**POSITIVE INTERVENTION STRATEGIES:** Teacher Strategies

to allow him 5 min to get himself togather    Warning  system  provide the  student with positive  feed back that will indicate that he  is  respected .  and  teach  the  student problem  solving skills ; a)  Identify the problem, b) identify goals  and  objectives, C) Devolope  strategies, D) Devolop  a  plan of action, and  E)  carry out the  plan.

**MONITORING SYSTEM:** Responsible Teacher -  Mrs.Simpkins / Mr.Hill

Describe System -

Behavior  management  form and  monitering  the behavior  , counseling

Data collection timeline -

weekly

**FOLLOW-UP MEETING: Date -** _____

**District of Columbia Public
Schools Division of Special
Education Washington, D.C.**

**NEW ADDENDUM MEETING PAGE**
Attach to the IEP and check the box on page one.

Student Name _Avadis Holtzclaw_    DOB _07/09/96_ DATE _12/5/05_

Student ID Number _____    School _Friendship Southeast Elem. Academy_

PARTICIPANTS: (Print Name)       PARTICIPANTS: (Sign Name)       DISCIPLINE

| Michael Hill | _Kelli Gill_ | _Con Chiopa_ |
| Dwanda C. Holtzclaw | _Dwanda C. Holtzclaw_ | _Mother_ |
| Sonya Mossou | _Sonya Mossou_ | _Special Ed. Coordinator_ |
| Gary Barke | _Barke_ | _Principal_ |

INSTRUCTIONS: Use this addendum, in an IEP/MDT meeting, when changing levels of services on an IEP section or part.
Discipline service providers must participate in the meeting. Attach addendum to the IEP and check the appropriate box on page one.

Purpose of this meeting is to:
_Development and Implementation of Behavior Intervention Plan_

**SERVICES TO BE ADDED TO THE IEP**

| SERVICES | SETTING GenEd | SpEd | Total | FREQUENCY Hr./ Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # | wks/mos | DATE ADDED mm/dd/yyyy |
|---|---|---|---|---|---|---|---|---|---|---|
| Specialized Instruction | 2.5 | 5 | 7.5 | Nr. | Week | Special Educator | 12 5 05 | 36 | Weeks | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| **TOTAL** | 2.5 | 5 | 7.5 | Hours Per Week | | | | | | |

CURRENT IEP : Percent of time in Special Services
☒ 0-20%    ☐ 21-60%    ☐ 61-100%

THIS ADDENDUM : Percent of time in Special Services
☒ 0-20%    ☐ 21-60%    ☐ 61-100%

Describe:

PARENT SIGNATURE FOR ADDITION(S) APPROVAL: _Dwanda C. Holtzclaw_    DATE: _12/05/05_

DISTRICT OF COLUMBIA PUBLIC SCHOOLS        07-02-2001        DIVISION OF SPECIAL EDUCATION        APPENDIX-A

# Exhibit 11

## SUMMARY AND SCORE REPORT

Name: Holtzclaw, Avadis
Date of Birth: 07/09/1996
Age: 9 years, 3 months
Sex: Male
Date of Testing: 10/05/2005

School: Friendship Southeast Elem
Teacher: Ms. Carter
Grade: 3.1
Examiner: Ms. Alton

TESTS ADMINISTERED

*WJ III Tests of Achievement*

## SUMMARY

Avadis's academic skills are average. When compared to others at his grade level, his overall level of achievement is low average. His fluency with academic tasks and his ability to apply academic skills are both within the low average range.

When compared to others at his grade level, Avadis's performance is average in written language and written expression; and low average in broad reading, basic reading skills, mathematics, and math calculation skills.

_____Ms. Alton_____

Examiner

Summary and Score Report                                                    Page 2'
Holtzclaw, Avadis
October 5, 2005

TABLE OF SCORES
*Woodcock-Johnson III Tests of Achievement*
Compuscore for the WJ III, Version 2.1
Norms based on grade 3.1

| CLUSTER/Test | Raw | GE | EASY to DIFF | | RPI | PR | SS(68% BAND) | | AE |
|---|---|---|---|---|---|---|---|---|---|
| PRE-ACADEMIC (Std) | – | 2.6 | 2.2 | 3.1 | 73/90 | 32 | 93 | (91–95) | 7–11 |
| TOTAL ACHIEVEMENT | – | 2.3 | 1.8 | 2.9 | 69/90 | 22 | 89 | (87–90) | 7–8 |
| BROAD READING | – | 2.2 | 1.9 | 2.6 | 45/90 | 17 | 86 | (84–88) | 7–6 |
| BROAD MATH | – | 2.3 | 1.6 | 3.0 | 74/90 | 24 | 89 | (86–92) | 7–8 |
| BROAD WRITTEN LANG | – | 2.6 | 1.9 | 3.6 | 83/90 | 35 | 94 | (90–98) | 8–0 |
| BASIC READING SKILLS | – | 2.2 | 1.9 | 2.5 | 39/90 | 15 | 85 | (81–88) | 7–7 |
| MATH CALC SKILLS | – | 2.2 | 1.5 | 3.2 | 76/90 | 22 | 88 | (84–93) | 7–8 |
| WRITTEN EXPRESSION | – | 2.6 | 1.8 | 3.9 | 85/90 | 35 | 94 | (88–100) | 8–0 |
| ACADEMIC SKILLS | – | 2.5 | 2.2 | 3.0 | 71/90 | 24 | 90 | (87–93) | 7–11 |
| ACADEMIC FLUENCY | – | 2.2 | 1.6 | 3.0 | 73/90 | 20 | 87 | (85–90) | 7–6 |
| ACADEMIC APPS | – | 2.0 | 1.6 | 2.7 | 64/90 | 19 | 87 | (84–90) | 7–5 |

------------------------------------------------------------

Form A of the following achievement tests was administered:

| | Raw | GE | EASY to DIFF | | RPI | PR | SS(68% BAND) | | AE |
|---|---|---|---|---|---|---|---|---|---|
| Letter-Word Identification | 39 | 2.7 | 2.4 | 3.0 | 71/90 | 35 | 94 | (92–97) | 8–0 |
| Reading Fluency | 10 | 1.7 | 1.3 | 2.1 | 22/90 | 12 | 83 | (80–85) | 7–0 |
| Calculation | 9 | 2.1 | 1.7 | 2.6 | 58/90 | 19 | 87 | (82–92) | 7–6 |
| Math Fluency | 37 | 2.8 | <1.2 | 4.9 | 88/90 | 39 | 96 | (92–100) | 8–2 |
| Spelling | 25 | 2.6 | 2.1 | 3.3 | 80/90 | 37 | 95 | (91–99) | 8–0 |
| Writing Fluency | 10 | 3.0 | 2.3 | 3.9 | 89/90 | 48 | 99 | (94–105) | 8–4 |
| Passage Comprehension | 18 | 1.9 | 1.6 | 2.3 | 42/90 | 17 | 86 | (82–89) | 7–3 |
| Applied Problems | 26 | 2.3 | 1.8 | 2.9 | 68/90 | 29 | 92 | (88–96) | 7–9 |
| Writing Samples | 9–A | 2.0 | 1.5 | 3.7 | 79/90 | 20 | 87 | (76–98) | 7–7 |
| Word Attack | 5 | 1.6 | 1.4 | 1.8 | 14/90 | 9 | 80 | (75–84) | 7–0 |

## WJ III Compuscore and Profiles Program 2.1
## Standard Score/Percentile Rank Profiles

Name: Holtzclaw, Avadis
Date of Birth: 07/09/1996
Age: 9 years, 3 months
Sex: Male
Date of Testing: 10/05/2005

School: Friendship Southeast Elem
Teacher: Ms. Carter
Grade: 3.1

Examiner: Ms. Alton

Peer Comparisons

-1 SEM    +1 SEM    Confidence Band

Norms based on: Grade (K.0-12.9)

PRE-ACADEMIC (Std)

TOTAL ACHIEVEMENT

BROAD READING

BROAD MATH

BROAD WRITTEN LANGUAGE

BASIC READING SKILLS

MATH CALCULATION SKILLS

WRITTEN EXPRESSION

ACADEMIC SKILLS

ACADEMIC FLUENCY

ACADEMIC APPLICATIONS

PRE-ACADEMIC (STD)

- Letter-Word Identification

- Spelling

- Applied Problems

Standard Score/Percentile Rank Profiles
Holtzclaw, Avadis
October 5, 2005

Page 2



Standard Score/Percentile Rank Profiles
Holtzclaw, Avadis
October 5, 2005

## ACADEMIC SKILLS

- Letter-Word Identification

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

- Calculation

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

- Spelling

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

## ACADEMIC FLUENCY

- Reading Fluency

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

- Math Fluency

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

- Writing Fluency

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

## ACADEMIC APPLICATIONS

- Passage Comprehension

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

- Applied Problems

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

- Writing Samples

| SS | <40 | 40 | 50 | 60 | 70 | 80 | 90 | 100 | 110 | 120 | 130 | 140 | 150 | 160 | >160 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PR | <0.1 | | 0.1 | 0.5 | 1 2 | 5 7 10 15 20 | 30 40 50 60 70 | 80 85 90 93 95 | 98 99 99.5 | 99.9 | | | | | >99.9 |

# Exhibit 12



# *Friendship Southeast Elementary Academy*

645 Milwaukee Place, SE •Washington, DC 20032
(202) 562-1980 phone (202) 562-0726 fax

Friendship
Public Charter School

*.Donald L. Hense, Chairman, Board of Trustees*
*Gary B. Bartee, Principal*
*Isaac Kornegay, Academy Director*

To Whom It May Concern:

On Wednesday December 7, 2005 at approximately 1:30 pm Avadis Holtzclaw was taken out of class for extreme defiance towards the teacher. While he was being escorted out of the classroom he tried to charge one of the other students. The teacher interceded and Avadis was instructed to leave the classroom. His special education case manager was in the hallway at the time. He attempted to convince Avadis to come with him and avoid any further trouble. Avadis continued to try and charge his classmate. He was subsequently restrained by his special education teacher and taken to the counselor's office. As the counselor I allowed Avadis to deescalate within my office to limit the damage that his behavior was causing. He ignored my repeated prompts to sit down and stop screaming. His special education teacher, Mr. Hill was positioned in front of the door as to not allow him to leave. His mother was called and told that if Avadis was not able to calm down in a reasonable amount of time that she would have to take him home and he would receive an immediate suspension. Avadis became agitated further and began to try and force his way out of the door. When he could not force Mr. Hill out of the way he began screaming at the top of his lungs and kicking Mr. Hill. He kicked Mr. Hill approximately 4 times before Mr. Hill and myself were forced to restrain him. We were in the process of taking him to the nurse's suite when we encountered some other students in the hallway. He began violently kicking at the student's as we passed them in the halls. I began to release my grip on his arm in order to grab his leg to not allow him to injure another student. When I did this he snatched his arm back, leaned up and punched me in my right eye, knocking my glasses to the floor. We were able to get Avadis to the nurse's suite. The principal took over for me and along with Mr. Hill continued to restrain Avadis until he deescalated once more. When Avadis was calm he was released. When he was released he bit Mr. Hill on the left arm breaking the skin. His mother along with the police were called and both eventually came to the school. He finally calmed down and was allowed to retrieve his work by the principal. He was placed on in school suspension for 2 days by the principal.

Sincerely,

*M. Themba Masimini, MFT*
*School Counselor*

*Community Vision... World Class Education*
*www.friendshipschools.org*

Date ; Dec.7, 2005
Time ;1:45pm
People Involved; Mr. Hill , Mr.Masimini, Mr. Beverly
Student ; Avadis  Holtzclaw

Avadis was in crisis and had to be restrained by Mr.Hill and he
was taken to the main office in the Mr. Masimini office and he
than escalated and his mother was called and she heard him
screaming and yelling , Kicking Mr.Hill and was told that she
needed to talk to Avadis . He would not get on the phone Mr.
Masimini talked to her and told her that if he does not calm
down he will be suspended . We had Avadis sit on the bench
and he than refused and had to be restrained again by Mr. Hill ,
Mr .Masimini and took to the Nurses suite before getting to the
nurses suite he punched Mr.Masimini in the face and Bit Mr Hill
in the arm . When we get in to the Nurses office Mr. Bartee
helped get Avadis on the bed and he then calmed down and sat
there . The police were called and came to the school as well as
Ms. Holtzclaw the police interviewed the parent and Mr. Bartee
and the decision was made to keep him in school and he will be
with Mr. Hill all day on Thursday and he will be visited by MPO
Jackson at least 1 -2 times a week for behavior monitoring.


Mr. Hill



**Friendship Southeast Elementary Academy PCS**
NOTICE OF SUSPENSION

Washington, DC     Date _11-28-05_

TO _Dwanda Holtzclaw_     STUDENT _Avadis Holtzclaw_

_3347 23'rd st SE_     SCHOOL Friendship Southeast     Grade _3_
(Number and Street)  (City) (Zip Code)

Student I.D. No. ————————     Ethnicity _AA_     Sex _M_

SASI No. ————————     *(This action must be reflected in SASI)*

This is to inform you that the above named student has been suspended from school for a period of _2 days_
days and may not return until _Wed  Nov 30th_

This action is being taken as a result of _extreme defiance & insubordination. Student refuses_
_to do any work at all. He also refused to go to his  ISS placement._
_Student tried to leave the building unauthorized_

This suspension is based upon the facts which have thus far been presented to me. We have informally discussed the
misconduct with your child who has been presented with the evidence. Also, your child has been given an
opportunity to present his/her side of the story.

This suspension may be shortened, if an when we can be assured that the student is willing to conform to the
regulations of the school. If you desire to attend a conference on this matter, please call this office so that one may
be arranged as soon as possible. At the conference you and your child will be given the opportunity to present
witnesses and to present any facts or reasons, orally or in writing, which in your opinion relate to this suspension.
Please be advised that your failure to respond to this letter and to avail yourself of the opportunity to be heard in the
manner provided will signify your desire not to have a conference and your agreement with the action taken.

During the duration of the suspension, your child should be in your custody and should not return to the school
campus during that time. An unauthorized appearance could result in a change of trespassing.

Upon completion of the suspension, it is the responsibility of your child to obtain make-up work from all teachers.

Our telephone number is 202-562-1980.

_Avadis Holtzclaw_
Signature of Suspended Student

_M. Jue M_
Signature of Principal or Designee

A copy of this notice shall be filed in the
student's Cumulative Record Folder.

**CC: File, Administrator and Parent**



**Friendship**
Public Charter School

## Friendship Southeast Elementary Academy PCS
### NOTICE OF SUSPENSION

Washington, DC _____ **Date** _____

TO _Owanda Holtzclaw_    STUDENT _Avadis Holtzclaw_

_3347 23rd St SE_    **SCHOOL** _Friendship Southeast_    Grade _3_
(Number and Street) (City) (Zip Code)

Student I.D. No. ——————    Ethnicity _AA_    Sex _M_

SASI No. ——————— *(This action must be reflected in SASI)*

This is to inform you that the above named student has been suspended from school for a period of _2 days_
days and may not return until _Wed Nov 30th_

This action is being taken as a result of _extreme defiance & insubordination. Student refuses to do any work at all. He also refused to go to his ISS placement. Student tried to leave the building unauthorized_

This suspension is based upon the facts which have thus far been presented to me. We have informally discussed the misconduct with your child who has been presented with the evidence. Also, your child has been given an opportunity to present his/her side of the story.

This suspension may be shortened, if an when we can be assured that the student is willing to conform to the regulations of the school. If you desire to attend a conference on this matter, please call this office so that one may be arranged as soon as possible. At the conference you and your child will be given the opportunity to present witnesses and to present any facts or reasons, orally or in writing, which in your opinion relate to this suspension. Please be advised that your failure to respond to this letter and to avail yourself of the opportunity to be heard in the manner provided will signify your desire not to have a conference and your agreement with the action taken.

During the duration of the suspension, your child should be in your custody and should not return to the school campus during that time. An unauthorized appearance could result in a change of trespassing.

Upon completion of the suspension, it is the responsibility of your child to obtain make-up work from all teachers.

Our telephone number is 202-562-1980.

_Avadis Holtzclaw_
Signature of Suspended Student

_M. Lee_
Signature of Principal or Designee

A copy of this notice shall be filed in the
student's Cumulative Record Folder.

**CC: File, Administrator and Parent**



**Friendship Southeast Elementary Academy PCS**
**NOTICE OF SUSPENSION**

Washington, DC _____ Date _____

TO Dwanda Holtzclaw     STUDENT Avadis Holtzclaw

916 Marci Ave SE WDC     SCHOOL Friendship Southeast     Grade 3rd
(Number and Street)  (City)  (Zip Code)

Student I.D. No. _____     Ethnicity ___A.A___     Sex M

SASI No. _____ *(This action must be reflected in SASI)*

This is to inform you that the above named student has been suspended from school for a period of __1__ days and may not return until _____

This action is being taken as a result of Verbal communication of a threat to a substitute teacher

This suspension is based upon the facts which have thus far been presented to me. We have informally discussed the misconduct with your child who has been presented with the evidence. Also, your child has been given an opportunity to present his/her side of the story.

This suspension may be shortened, if an when we can be assured that the student is willing to conform to the regulations of the school. If you desire to attend a conference on this matter, please call this office so that one may be arranged as soon as possible. At the conference you and your child will be given the opportunity to present witnesses and to present any facts or reasons, orally or in writing, which in your opinion relate to this suspension. Please be advised that your failure to respond to this letter and to avail yourself of the opportunity to be heard in the manner provided will signify your desire not to have a conference and your agreement with the action taken.

During the duration of the suspension, your child should be in your custody and should not return to the school campus during that time. An unauthorized appearance could result in a change of trespassing.

Upon completion of the suspension, it is the responsibility of your child to obtain make-up work from all teachers.

Our telephone number is 202-562-1980.

Signature of Suspended Student _____

Signature of Principal or Designee _____

A copy of this notice shall be filed in the student's Cumulative Record Folder.

**CC: File, Administrator and Parent**

# FRIENDSHIP SOUTHEAST ELEMENTARY ACADEMY

645 Milwaukee Place, SE * Washington, DC 20032 * Phone 202.562.1980 * Fax 202.562.0

(202) 562-0926

## DISCIPLINE REFERRAL FORM

Student Name _Avadis Holdeah Holtzclaw_    Team _____    Grade _3_

Referred by _Bruce Shingler_    Date _9-28-05_    Time _1:15_

### NATURE OF REFERRAL

| | | |
|---|---|---|
| ☐ Fighting | ☐ Possession of a weapons | ☐ Defiance/ Uncooperative |
| ☒ Threatening a student/teacher | ☐ Inappropriate language/ profanity | ☐ Vandalism |
| ☐ Excessive disturbances | ☐ Possession of tobacco/ alcohol | ☐ Gang activity/symbols |
| ☐ Excessive dress code violations | ☐ Possession of matches/lighter or incendiary device | ☐ Other _____ |
| ☐ Horseplay | ☐ Theft | |

Comments: _He stated that If I'm the gym teacher again that he would throw a rock at my head_

### STRATEGIES/INTERVENTIONS

| | |
|---|---|
| ☐ Conference with student/parents | ☐ Team meeting/strategic behavior plan |
| ☐ Classroom/House disciplinary action | ☐ Reassignment |
| ☐ Other | |

Comments: _____

Lead Teacher Signature: _Jennifer Simpkins_

### ADMINISTRATIVE ACTION

To Be Completed by Administration Only: _____

| | |
|---|---|
| ☐ Warning | ☐ Conference with Parents/Team/Student |
| ☐ In-school suspension | ☐ Suspension from extra-curricular activities |
| ☐ Detention | ☐ Other _____ |
| ☐ Community Service | |
| ☒ Suspension | |

Administrator's Signature: _____    Student Signature X _Avadis Holtzcl_

Parent Signature: _____

Copy Distribution: Administrator, Teacher, Parent, Data Specialist

# FRIENDSHIP SOUTHEAST ELEMENTARY ACADEMY

645 Milwaukee Place, SE * Washington, DC 20032 * Phone 202.562.1980 * Fax 202.562.0

## DISCIPLINE REFERRAL FORM

Student Name **Avados Holtzclaw**   Team **Specials**   Grade **3**

Referred by **Joel Loewenguth**   Date **12/5/05**   Time **11:00**

### NATURE OF REFERRAL

| | | |
|---|---|---|
| ☐ Fighting | ☐ Possession of a weapons | ☒ Defiance/ Uncooperative |
| ☐ Threatening a student/teacher | ☐ Inappropriate language/ | ☐ Vandalism |
| ☒ Excessive disturbances | profanity | ☐ Gang activity/symbols |
| ☐ Excessive dress code | ☐ Possession of tobacco/ alcohol | ☐ Other _____ |
| violations | ☐ Possession of matches/lighter | |
| ☐ Horseplay | or incendiary device | |
| | ☐ Theft | |

Comments: _Making disturbing noises with his mouth._
_Laughing and playing throughout class. Warned_
_several times._

### STRATEGIES/INTERVENTIONS

| | |
|---|---|
| ☐ Conference with student/parents | ☐ Team meeting/strategic behavior plan |
| ☐ Classroom/House disciplinary action | ☐ Reassignment |
| ☐ Other | |

Comments: _N_

Lead Teacher Signature: _____

### ADMINISTRATIVE ACTION

To Be Completed by Administration Only: _____

| | |
|---|---|
| ☐ Warning | ☒ Conference with Parents/Team/Student |
| ☐ In-school suspension | ☐ Suspension from extra-curricular activities |
| ☐ Detention | ☐ Other _____ |
| ☐ Community Service | |
| ☐ Suspension | |

Administrator's Signature: _____  Student Signature: _____

Parent Signature: _____

Copy Distribution: Administrator, Teacher, Parent, Data Specialist

# FRIENDSHIP SOUTHEAST ELEMENTARY ACADEMY

645 Milwaukee Place, SE * Washington, DC 20032 * Phone 202.562.1980 * Fax 202.562.0726

## DISCIPLINE REFERRAL FORM

Student Name _Avadis Holtzclaw_    Team _Specials_    Grade _3_

Referred by _Mr. White_    Date _12/7/05_    Time _1:10 pm_

### NATURE OF REFERRAL

| | | |
|---|---|---|
| ☐ Fighting | ☐ Possession of a weapons | ☐ Defiance/ Uncooperative |
| ☐ Threatening a student/teacher | ☐ Inappropriate language/ profanity | ☐ Vandalism |
| ☑ Excessive disturbances | ☐ Possession of tobacco/ alcohol | ☐ Gang activity/symbols |
| ☐ Excessive dress code violations | ☐ Possession of matches/lighter or incendiary device | ☐ Other _____ |
| ☐ Horseplay | ☐ Theft | |

Comments: _Trying to fight other students while being escorted out of the classroom._

### STRATEGIES/INTERVENTIONS

| | |
|---|---|
| ☐ Conference with student/parents | ☐ Team meeting/strategic behavior plan |
| ☐ Classroom/House disciplinary action | ☐ Reassignment |
| ☐ Other | |

Comments: _____

Lead Teacher Signature: _Gavin White_

### ADMINISTRATIVE ACTION

To Be Completed by Administration Only: _____

| | |
|---|---|
| ☐ Warning | ☐ Conference with Parents/Team/Student |
| ☑ In-school suspension | ☐ Suspension from extra-curricular activities |
| ☐ Detention | ☐ Other _____ |
| ☐ Community Service | |
| ☐ Suspension | |

Administrator's Signature: _____    Student Signature: _____

Parent Signature: _____

Copy Distribution: Administrator, Teacher, Parent, Data Specialist

# FRIENDSHIP SOUTHEAST ELEMENTARY ACADEMY

645 Milwaukee Place, SE * Washington, DC 20032 * Phone 202.562.1980 * Fax 202.562.0726

## DISCIPLINE REFERRAL FORM

Student Name __Avadis Holtzclaw__   Team _____ Grade __2__

Referred by __Mr. Masimini__   Date __12-7-05__ Time __2:00__

### NATURE OF REFERRAL

| | | |
|---|---|---|
| ☑ Fighting | ☐ Possession of a weapons | ☑ Defiance/ Uncooperative |
| ☑ Threatening a student/teacher | ☑ Inappropriate language/ profanity | ☐ Vandalism |
| ☐ Excessive disturbances | ☐ Possession of tobacco/ alcohol | ☐ Gang activity/symbols |
| ☐ Excessive dress code violations | ☐ Possession of matches/lighter or incendiary device | ☐ Other _assaulting staff_ |
| ☐ Horseplay | ☐ Theft | |

Comments: __Avadis was extremely elevated and needed to be escorted out of__
__my office. Mr. Hill and myself were escorting him to the nurses suite when he began__
__Kicking at other students. When I attempted to grab his leg he punched me in__
__the eye__

### STRATEGIES/INTERVENTIONS

| | |
|---|---|
| ☐ Conference with student/parents | ☐ Team meeting/strategic behavior plan |
| ☐ Classroom/House disciplinary action | ☐ Reassignment |
| ☐ Other | |

Comments: _____

_____

Lead Teacher Signature: _____

### ADMINISTRATIVE ACTION

To Be Completed by Administration Only: _____

| | |
|---|---|
| ☐ Warning | ☑ Conference with Parents/Team/Student |
| ☑ In-school suspension | ☐ Suspension from extra-curricular activities |
| ☐ Detention | ☐ Other _____ |
| ☐ Community Service | |
| ☐ Suspension | |

Administrator's Signature: _____ Student Signature: _____

Parent Signature: _____

Copy Distribution: Administrator, Teacher, Parent, Data Specialist

**Friendship**
**Public Charter School**

## Friendship Southeast Elementary Academy PCS
### NOTICE OF SUSPENSION

Washington, DC ___ Date _12-30-05_

TO _Dwanda Holtzclaw_    STUDENT _Avadis Holtzclaw_

_____    SCHOOL __Friendship Southeast__    Grade _5_
(Number and Street)  (City) (Zip Code)

Student I.D. No. _____    Ethnicity ___AA___    Sex _M_

SASI No. _____    *(This action must be reflected in SASI)*

This is to inform you that the above named student has been suspended from school for a period of _2days_
days and may not return until ____Tuesday ___ January 3, 2006___

This action is being taken as a result of _Extreme defiance & disrespect. Violation_
_of rule A 18 in student code of conduct._

This suspension is based upon the facts which have thus far been presented to me. We have informally discussed the misconduct with your child who has been presented with the evidence. Also, your child has been given an opportunity to present his/her side of the story.

This suspension may be shortened, if an when we can be assured that the student is willing to conform to the regulations of the school. If you desire to attend a conference on this matter, please call this office so that one may be arranged as soon as possible. At the conference you and your child will be given the opportunity to present witnesses and to present any facts or reasons, orally or in writing, which in your opinion relate to this suspension. Please be advised that your failure to respond to this letter and to avail yourself of the opportunity to be heard in the manner provided will signify your desire not to have a conference and your agreement with the action taken.

During the duration of the suspension, your child should be in your custody and should not return to the school campus during that time. An unauthorized appearance could result in a change of trespassing.

Upon completion of the suspension, it is the responsibility of your child to obtain make-up work from all teachers.

Our telephone number is 202-562-1980.

_Aradi Holtzclaw_
Signature of Suspended Student

_____
Signature of Principal or Designee

A copy of this notice shall be filed in the
student's Cumulative Record Folder.

CC: File, Administrator and Parent

# FRIENDSHIP SOUTHEAST ELEMENTARY ACAD

645 Milwaukee Place, SE * Washington, DC 20032 * Phone 202.562.1980 * Fax 202.562.07

# DISCIPLINE REFERRAL FORM

Student Name _Avadis Holtzclaw_  Team _Specials_  Grade _3_

Referred by _Mr. Joel Loewenguth_  Date _1/4/06_  Time _1:15_

## NATURE OF REFERRAL

| | | |
|---|---|---|
| ☐ Fighting | ☐ Possession of a weapons | ☒ Defiance/ Uncooperative |
| ☐ Threatening a student/teacher | ☒ Inappropriate language/ profanity | ☐ Vandalism |
| ☐ Excessive disturbances | ☐ Possession of tobacco/ alcohol | ☐ Gang activity/symbols |
| ☐ Excessive dress code violations | ☐ Possession of matches/lighter or incendiary device | ☐ Other _____ |
| ☐ Horseplay | ☐ Theft | |

Comments: _Avadis was uncooperative from the beginning of class and told students to shut up on several occasions from across the classroom_

## STRATEGIES/INTERVENTIONS

| | |
|---|---|
| ☐ Conference with student/parents | ☐ Team meeting/strategic behavior plan |
| ☐ Classroom/House disciplinary action | ☐ Reassignment |
| ☐ Other | |

Comments: _____

Lead Teacher Signature: _____

## ADMINISTRATIVE ACTION

To Be Completed by Administration Only: _____

| | |
|---|---|
| ☐ Warning | ☐ Conference with Parents/Team/Student |
| ☐ In-school suspension | ☐ Suspension from extra-curricular activities |
| ☐ Detention | ☐ Other _____ |
| ☐ Community Service | |
| ☐ Suspension | |

Administrator's Signature: _____  Student Signature: _____

Parent Signature: _____

Copy Distribution: Administrator, Teacher, Parent, Data Specialist