IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DWANDA HOLDZCLAW, )<br>parent and next friend of A.H., a minor )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No.: 07-00890(ESH) |

**PLAINTIFFS' REPLY TO THE DEFENDANT'S MOTION IN OPPOSITION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

    **COMES NOW**, the Plaintiff, by and through counsels, Roxanne D. Neloms and Domiento C.R. Hill, of James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Defendants, jointly and severally, for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

                                                                                   Respectfully submitted,

                                                                                   /s/
                                          Roxanne D. Neloms [478157]
                                          Domiento C.R. Hill [ MD14793]
                                          Brown & Associates, PLLC
                                          1220 L. Street, NW, Suite 700
                                          Washington, DC 20005
                                          (202)742-2000 (Tele.)
                                          Counsels for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DWANDA HOLDZCLAW, ) <br> parent and next friend of A.H., a minor ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 07-00890(ESH) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR REPLY TO THE DEFENDANT'S MOTION IN OPPOSITION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiffs, by and through their attorneys Roxanne D. Neloms, and Domiento C.R. Hill, of James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Response to the Defendant's Opposition of Plaintiff's Motion for Summary Judgment and their Opposition to the Defendant's Cross Motion for Summary Judgment respectfully represent unto this Honorable Court as follows:

**I. INTRODUCTION**

In her motion, the Defendant argues that the Hearing Officer's February 2007 Determination should be given due weight because the basis of his decision was "complete and through" and that any "perceived defects" in A.H.'s IEP could simply be cured by changing A.H's grade from fourth to fifth grade. Notwithstanding, the Defendant argues that the parent's participation in the October 27, 2006 meeting was meaningful, for the reasons that follow, the

Court should grant the Plaintiff's Motion for Summary Judgment and deny the Defendants' Motion for Summary Judgment.

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586.

In her papers, the Defendant has failed to demonstrate why this Court should not reverse the February 2007 Hearing Officer's Determination. As alleged by the Plaintiff in her original motion for summary judgment, said Hearing Officer's Determination is not based on a preponderance of evidence.

## II. ARGUMENT

In the February 2007 Hearing Officer's Determination, the hearing officer determined that despite the fact that the Taft Educational Center only educated students in grades fifth through eighth, A.H. would receive an access to a free and appropriate education because A.H. would be educated with peers of like age and like academic deficiencies. ***See AR. at 1-9.*** The parent sustained her burden in demonstrating that Taft was not an appropriate placement for A.H., as she testified that based on the IEP, A.H could not attend Taft since Taft only provided specialized instruction to fifth to eighth grade students. ***See Tr. at 45-47.*** Mr. Workman, Taft's special educational coordinator, openly admitted that A.H's IEP would have to be changed from fourth grade to fifth grade so that he could attend Taft for the 2006-2007 school year. ***See Tr. at 80.*** As a result, DCPS' failure to allow the parent to participate in a meaningful discussion about placement and its subsequent attempts to "shoehorn" A.H. into a placement resulted in a substantial violation of the IDEIA. See *Spielberg v. Henrico County Public School*, 441 IDELR, 178 (4th Cir. 1988).

With respects to the Defendant's position that the February 2007 HOD be given "due weight" the Plaintiff submits that the Court can not give due weight if the credibility of a witness is at issue. ("[A] district court should give due weight to a hearing officer's credibility findings '***unless the non testimonial, extrinsic evidence*** in the record would justify a contrary conclusion or unless the record read in its entirety would compel a contrary conclusion.")(emphasis added).

See *J.W., by and through his parents and next friends , K. and M.W., Plaintiffs, v. Contoocook Valley School District*, 154 F. Supp. 2d 217, (U.S. Dist. New Hampshire 2001).  In this matter Mr. Workman's testimony squarely contradicted, not only the underpinnings of IDEIA, but the evidence of record as well.  For instance, Mr. Murray issued a prior written notice of placement to school that could not implement A.H.'s IEP on its face.  Because Mr. Murray had no actual knowledge of A.H., he could not have known that fourth graders are prohibited from attending Taft.  Mr. Workman testified that if all parties agreed to change the IEP from fourth grade to fifth grade, then A.H.'s needs could be met.  As the record indicates, Mr. Workman, Taft's Special Education Coordinator, had no knowledge of A.H., nor his IEP, as he testified that he did not know the student's age or functional grade level.  ***See Tr at 71.***  Accordingly, this Court should discount the testimony of Mr. Workman and find on behalf of A.H.

### A. THE HEARING OFFICER ERRED IN DETERMINING THAT TAFT WAS AN APPROPRIATE PLACEMENT.

As argued in the Plaintiffs' Motion for Summary Judgment, Mr. Workman testified that although Taft's program was a graded program and it could implement A.H.'s IEP because the implementation would be based on A.H.'s disabilities.  ***See Tr. at 79-81.***  He further testified that although A.H's IEP indicated fourth grade, it would have to be re-written and "everybody would have to be in agreement to place him in his age chronologically."  *Id*.  The Defendant argues that such a change was irrelevant because Taft could implement the services required on A.H.'s IEP.  It is wholly apparent, as the facts demonstrate in this case,  that the Taft Educational Center was the only *available* placement for fourth grader with multiple disabilities.  The mere suggestion of rewriting A.H.'s IEP to reflect fifth grade instead of fourth grade amounts to 'shoe-horning" and more specifically, it demonstrates that the District has no other suitable placements.

While the Defendants cite no cases to rebut the Plaintiffs' position, if the Court is to agree that rewriting A.H.'s IEP to reflect a change of fourth grade to fifth grade, equals a *de minimus* change in nature, then the Court is supporting the notion that Taft Educational Center is appropriate for each and every multiple disabled fourth grader in the District, and all that each IEP/MDT team would need to do is, agree to promote said children to the fifth grade, thereby shoe-horning each child into a placement.

### B. DCPS VIOLATED IDEIA WHEN IT ATTEMPTED TO SHOEHORN A.H. INTO A PREDETERMINED PLACEMENT.

The Defendant asserts that "shoe-horning" did not occur in this instance because placement was determined *after* the October 3, 2006 meeting. Counsel for the parent argued the proposed placement was inappropriate because the District was attempting to place A.H. into the fifth grade. ***See AR. at 24-25. ; See TR. at. 34-36***. The Defendant fails to comprehend that A.H.'s placement was not determined at the October 3, 2006 MDT/IEP meeting, but was determined by Mr. Murray at the October 27, 2006 resolution meeting. ***See AR at 244, 254.*** Parent's counsel filed a due process hearing request on October 6, 2006 alleging the issue of placement and as relief sought an appropriate placement. ***See AR at 268.*** DCPS never had A.H.'s IEP until the parties met for the October 27, 2006 resolution meeting and it was at this meeting DCPS issued the prior written notice placing A.H. at Taft Educational Center. ***See AR at 254.*** The prior written notice served as a clear indication that the decision to send A.H. to the Taft Educational Center was predetermined. *Id.*

The Defendant alleges that Mr. Murray, DCPS' placement specialist, was not required to provide the parent with information on the placements that DCPS was considering on behalf of A.H. First, any proposed changes a school district plans to take must be done in writing and

provided to the parent in a prior written notice, which DCPS failed to do. *See San Francisco Unified School District*, 32 IDELR 127 (SEA CA 2000)(noting that because the student had never been notified of any schools that the district was considering for placement, and sole district witness could not identify the student's disability constituted a violation of the IDEA).

Second, this "placement meeting" was really a resolution meeting in which DCPS offered the only school it had, Taft Educational Center. The "detailed" information Mr. Murray provided to the parent reflected information one could locate in the school's brochure. ***See AR at 254.*** One can hardly consider such information "detailed". At the post resolution/placement meeting held for A.H. on October 27, 2006, Mr. Murray issued a prior written notice of placement indicating that A.H. would attend Taft for the remainder of the 2006-2007 school year. ***See AR. at 254.*** DCPS never informed the parent of its proposed choice prior to the meeting as the regulations require. ***Id.*** The hearing officer failed to address DCPS' clear violation of the IDEIA when it predetermined A.H.'s placement and effectively interfered with the parent's right to participate in meaningful placement discussions and determinations, and as a result, this Court should reverse that decision.

### III. CONCLUSION

This Court should find that the Hearing Officer erred in his February 2007 Hearing Officer's Determination when he determined that Taft Educational Center was an appropriate placement. Thus as relief, the Plaintiff seeks the reversal of the February 12, 2007 Hearing Officer's Decision, that A.H. be placed at Accotink Academy on an interim basis or that the matter be remanded until such time as an appropriate placement may be determined. Furthermore, the Plaintiffs' request attorney fees and costs of this action and any other relief the Court deems just and proper.

        Respectfully submitted,

        /s/
        Roxanne D. Neloms [478157]
        Domiento C.R. Hill [ 496256]
        Brown & Associates, PLLC
        1220 L. Street, NW, Suite 700
        Washington, DC 20005
        (202)742-2000 (Tele.)
        Counsels for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DWANDA HOLDZCLAW,**<br>parent and next friend of A.H., a minor<br><br>**Plaintiffs**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.: 07-00890(ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1.   Paragraphs 1-9 are not disputed.

2.   Paragraph 10 is disputed. The record does not contain a letter of invitation regarding proposed meeting dates. However, a resolution meeting was scheduled for October 27, 2006 and that meeting the parties discussed A.H.'s proposed placement.

3.   Paragraphs 11-12 are not disputed.

4.   Paragraph 13 is disputed. The October 27, 2006 meeting at FEPCS was originally scheduled as a resolution meeting. It became a placement meeting after the parties were unable to resolve the matters alleged in an October 6, 2007 administrative due process hearing request.

5.   Paragraphs 14-30 are not disputed.

1

Respectfully submitted,

          /s/
Roxanne D. Neloms [478157]
Domiento C.R. Hill [ MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsels for Plaintiffs