UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DWANDA HOLDZCLAW, <br> Mother and Next Friend of A.H., a minor, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation, *et al.,* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-0890 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Defendants, through counsel, respectfully reply to the Plaintiffs' November 15, 2007, Opposition to the Defendants' Motion for Summary Judgment ("Plaintiff's Opposition").[1]

**PRELIMINARY STATEMENT**

The Defendants' Motion for Summary Judgment and accompanying memorandum ("Defendants' Motion"), filed on October 13, 2007, demonstrated that this Court should dismiss the Plaintiff's Complaint because the subject February 12, 2007, hearing officer's decision ("HOD") was consistent with the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq*. ("IDEIA") and should not be overturned. The Hearing Officer properly found that the District of Columbia Public Schools ("DCPS") appropriately placed the student at the Taft Center ("Taft").

---

[1] The Plaintiff filed one document to: (1) reply to the Defendants' opposition to the Plaintiff's motion for summary judgment; and (2) oppose the Defendants' motion for summary judgment.

In her Opposition, the Plaintiff argued that the HOD should be overturned because the parent did not meaningfully participate in the placement discussion, and because Taft does not have a fourth grade and therefore cannot implement the student's individualized education program ("IEP"). Opposition, at 7.

The Defendants respond to the Plaintiff's arguments below and here incorporate by reference their Motion.

## ARGUMENT

As the Defendants demonstrated in their Motion, the subject HOD should be upheld by this Court because the decision was proper, and the Plaintiff simply has not met her burden for overturning the HOD. The HOD was a detailed and reflective consideration of the administrative record, which took into account all of the parties' legal arguments and documentary evidence. Further, the relief ordered was designed to take the particular circumstances of A.H. into account, and was based on experience in the confronting of such educational problems.

### I. Taft is an appropriate placement for A.H.

In her Opposition, the Plaintiff argued that Taft was not an appropriate placement for A.H., and alleged that DCPS attempted to shoehorn A.H. into a predetermined placement. Plaintiff's Opposition, at 5-7. The entire basis for this argument is premised on the fact that Taft does not have a fourth grade. *Id.* But as the Defendants explained in detail in their Motion, this fact is irrelevant because Taft can implement the services required on A.H.'s IEP in a classroom with five other children similar in age, disability classification, and academic ability. Defendants' Motion, at 10-11. Both DCPS Placement Specialist Evan Murray and Taft Special Education Coordinator LaBone

Workman testified that Taft *can* implement the services required on A.H.'s IEP, and that the lack of a fourth grade at Taft does not change their assessment of the placement, given A.H.'s age. *Id.*, at 8-12.

The Plaintiff's Opposition wrongly concluded that "[b]ecause Mr. Murray had no actual knowledge of A.H., he could not have known that fourth graders are prohibited from attending Taft." Plaintiff's Opposition, at 5. But in determining that Taft would be an appropriate placement for A.H., Mr. Murray reviewed the information about the student from the school A.H. attended (and continues to attend)—Friendship Edison Public Charter School Southeast Elementary Academy ("FEPCS"). Defendants' Motion, at 8, 12. As a DCPS Placement Specialist, Mr. Murray's primary job function is to be familiar with the available programs at DCPS and to determine which program can best fit a student's needs. After considering A.H.'s disability and needs, Mr. Murray selected Taft as an appropriate placement. And as a DCPS Placement Specialist, he, not the Plaintiff, knows whether or not A.H. would be able to attend Taft, despite his fourth grade status. Further, Taft Special Education Coordinator Workman—who is intimately familiar with the special education program at Taft—agreed with Mr. Murray that A.H. could attend Taft. Thus, the Plaintiff's assertion is inaccurate at best.

Further, the Plaintiff's Opposition suggests that this Court should discredit the testimony of Mr. Workman because he "had no knowledge of A.H., nor his IEP." Plaintiff's Opposition, at 5. While the record is not clear as to whether Mr. Workman had the student's IEP prior to the hearing, through questions from counsel, Mr. Workman did learn specific information about A.H.'s IEP and then had enough knowledge to conclude that Taft was an appropriate placement for A.H. (assuming that the grade level

identification for A.H. be changed to grade 5). T. at 74-77; Defendants' Motion, at 9-10. In fact, it was Mr. Workman's lack of specific knowledge about A.H. (prior to the hearing) which led him to tell the parent that Taft did not have a fourth grade, and that her son was too young to attend Taft. T. at 71.

As explained by Mr. Workman, to correct any perceived defects in the student's IEP, all that would need to be done is to change the words "grade 4" to "grade 5" on the IEP. Defendants' Motion, at 11. There would be no need to change any of the core elements of his IEP—his disability classification, his services, his goals and his setting needs would all remain the same. *Id.* Clearly, such an editorial modification would be *de minimus*.

The Plaintiff's Opposition argues that if the Court were to agree with the Hearing Officer and the Defendants that changing the student's grade from fourth grade to fifth grade is a *de minimus* change, it would be "supporting the notion that Taft Educational Center is appropriate for each and every multiple disabled fourth grader in the District, and all that each IEP/MDT team would need to do is [] agree to promote said children to the fifth grade, thereby shoe-horning each child into a placement." Plaintiff's Opposition, at 6. This statement is hyperbolic and inaccurate. DCPS' determination that Taft was an appropriate placement for A.H. was based on his specific needs and his chronological age. Taft would not be appropriate for a younger student in the fourth grade with the same disabilities and needs.

The Plaintiff's Opposition also inaccurately states that "[i]t is wholly apparent, as the facts demonstrate in this case, that the Taft Educational Center was the only *available* placement for fourth grader[s] with multiple disabilities" and "that the District has no

4

other suitable placements." Plaintiff's Opposition, at 5. Other possible DCPS placements for A.H. were not at issue in this case—only the appropriateness of Taft.

## II. DCPS properly placed the student at Taft—it did not shoehorn A.H. into a predetermined placement, and the Plaintiff meaningfully participated in the placement meeting.

Throughout her Opposition, the Plaintiff alleges that DCPS predetermined that the student would be placed at Taft, but the record simply does not support that contention. The prior notice in which DCPS placed the student at Taft was not issued until the end of the October 27, 2006, placement meeting, following a discussion about placement options and after the October 3, 2007, meeting in which FEPCS revised the student's IEP. Defendants' Motion, at 12-13.

The Plaintiff relies on *Speilberg v. Henrico County Public Schools*, 853 F.2d 256 (4th Cir. 1988) to support her shoehorning argument (Plaintiff's Opposition, at 4), but as explained in the Defendants' Motion, the present case can be distinguished from *Speilberg*. Defendants' Motion, at 12. In the present case, the new IEP was developed by FEPCS first, and then DCPS made a placement determination based on that IEP. *Id.* Therefore, it is not possible to suggest that DCPS considered a placement before an IEP was revised, as the school system in *Speilberg* did. Furthermore, merely changing the student's grade level identification on his IEP when his chronological age is consistent with the program to be provided does not rise to the level of substantively altering an IEP.

Despite the Plaintiff's assertions to the contrary, DCPS properly issued the prior notice at the end of the placement meeting. DCPS is permitted to have a placement in mind when it comes to the table. As mentioned above, Mr. Murray is a placement

5

specialist—his job is to be familiar with the available DCPS programs and to determine which placement is equipped to implement a student's IEP. At the placement meeting, Mr. Murray did exactly as he should have—he explained the program at Taft to the Plaintiff and asked for input from her. At the close of the meeting, he issued the prior notice consistent with the IDEIA.

The Plaintiff seems to suggest that because DCPS did not agree to the placement she preferred she did not meaningfully participate in the placement meeting. Plaintiff's Opposition, at 7. A parent, however, does not have the power to selection the location for implementation of a child's IEP.[2] *White vs. Ascension Parish*, 343 F.3d 373, 379 (5th Cir. 2003) (court holding that the statute does not require parental participation for site selection). Parents do have the right to be informed about the program DCPS offers and to voice their own opinion about placement, but they do not make the ultimate decision regarding placement. *White vs. Ascension Parish*, 343 F.3d at 379-380 (court stating that "the right to provide meaningful input is simply not the right to dictate an outcome and obviously cannot be measured by such"); *Shaw v. D.C.,* 238 F. Supp. 2d 127, 139 (D.D.C. 2002) (court holding that the statute does not require DCPS to defer to the parent's preference).

---

[2] Similarly, regular education students in the usual course do not select their schools—they attend their neighborhood schools.

**CONCLUSION**

The Plaintiff continues to fail to demonstrate why the subject HOD should be overturned. Thus, this Court should deny the Plaintiff's Motion for Summary Judgment, grant the Defendants' Motion for Summary Judgment, and dismiss this case.

                         Respectfully submitted,

                         LINDA SINGER
                         Attorney General
                         for the District of Columbia

                         GEORGE C. VALENTINE
                         Deputy Attorney General
                         Civil Litigation Division

                         **/s/ Edward P. Taptich**
                         EDWARD P. TAPTICH
                         Chief, Equity Section 2
                         Bar Number 012914

                         **/s/ Eden I. Miller**
                         EDEN I. MILLER
                         Assistant Attorney General
                         Bar Number 483802
                         441 Fourth Street, N.W., Sixth Floor South
                         Washington, D.C. 20001
                         (202) 724-6614
                         (202) 727-3625 (fax)
November 30, 2007            E-mail: Eden.Miller@dc.gov